### Johnson *v.* Hall & Brother.

Where two parties in good faith claim title to the same land, and one of them is enjoined from entering or trespassing thereon upon the application of the other, the object of the injunction is to preserve the land *in statu quo* until the title is settled by proper proceedings. The plaintiff has no more right to disturb the *status quo* than the defendant had, and if he undertakes to commit the same acts that the defendant had been enjoined from committing, he also should be restrained. But both should be placed upon equal terms; and the plaintiff having been required, upon the grant of the injunction, to give a bond according to the act of October 13, 1885, the defendant should be required to give a similar bond within such reasonable time as may be allowed, in default of which the injunction as to the plaintiff must be dissolved.

May 3, 1889.

Practice. Bonds. Injunction. Before Judge Atkinson. Appling superior court. March term, 1889.

Reported in the decision.

G. J. Holton & Son, by J. H. Lumpkin, for plaintiff.
Graham & Carter, for defendants.

Simmons, Justice.

Johnson filed his petition against Hall & Brother, alleging that they were trespassing upon a certain lot of land to which he claimed title, and that they were boxing the trees thereon for turpentine purposes. Upon hearing the case, the court enjoined the defendants, and required Johnson, the plaintiff, to give a bond according to the act approved Oct. 13th, 1885. Acts, 1884-5, p. 93. It seems from this record that, shortly after this injunction was granted restraining the defendants from cutting the trees on the disputed lot of land, Johnson, the plaintiff, hired a large number of hands and en-

tered upon the land and commenced to cut and box the trees thereon. Hall & Brother then filed a cross-petition against Johnson, in which they set up title to the land, and alleged that Johnson was doing the very acts which they had been restrained from doing on his application, to wit, cutting and boxing the trees; and prayed that he be enjoined. Upon hearing this application and the answer thereto, and the affidavits filed by both parties, the court enjoined Johnson, but did not require Hall & Brother to give a bond as had been required of Johnson in the first injunction. To the ruling of the court granting this injunction Johnson excepted, and brought the case here.

The court committed no error in the ruling complained of. It appears from the record in this case that both of these parties are *bona fide* claimants to this lot of land. When Hall & Brother were enjoined from trespassing thereon, upon the application of Johnson, Johnson had no right to commit the very act which Hall & Brother had been enjoined from committing. Where both parties in good faith claim title to the same tract of land, and one of them is enjoined from entering or trespassing thereon upon the application of the other, the object of the injunction is to preserve the land *in statu quo* until the title is settled by the proper proceedings. The plaintiff has no more right to disturb the *status quo* than the defendant had; and it follows as a matter of course that when the plaintiff undertook to commit the same acts that the defendant had been enjoined from committing, the court should have restrained him also, it appearing that both parties *bona fide* claimed the land. 1 High on Injunction, §679. But we think that the court should have placed both parties upon equal terms, and therefore should have required Hall & Brother to give a similar bond to the one required of Johnson in the first injunction; and we

therefore direct that the court below require Hall & Brother to give such bond, allowing them such reasonable time as he·may think proper in which to give the same; and if they fail to comply with this order, that he dissolve the injunction as to Johnson.

*Judgment affirmed, with direction.*