## BAKER v. WEAVER.

1. The evidence being conflicting, the court did not abuse its discretion in granting in part and refusing in part the injunction prayed for.
2. Where a petition prays for injunction to restrain the defendant from cultivating a certain piece of land bordering upon a mill-pond of the plaintiff, the latter can not, after the court has refused such injunction,

prevent defendant from cultivating the land by raising his mill-pond and thus flooding the land. In a proceeding against the plaintiff for contempt of court on account of such wrongful act, the court did not err in ordering plaintiff to lower his dam so as to restore the status existing at the time the injunction was refused.

Argued February 17,—Decided April 13, 1898.

Injunction. Before Judge Fite. Bartow county. July 5, 1897.

*J. M. Neel*, for plaintiff. *J. W. Harris*, for defendant.

SIMMONS, C. J. 1. Baker owned a mill and mill-pond. Weaver claimed to own the land on the sides of the pond. He was cultivating part of this land, and undertook to clear away the trees and undergrowth near the banks of the pond. Baker claimed title to the land on one side of the pond, and claimed that the trees and undergrowth on the other side were appurtenances to his mill property. He filed an equitable petition seeking to enjoin Weaver from cultivating the land already cleared, cutting or clearing the trees and undergrowth on the banks of the pond, and digging ditches which would empty surface-water into his pond and fill it in. On the hearing the judge granted an injunction restraining Weaver from cutting the trees and undergrowth on the banks of the pond and from digging any ditches which would empty into the pond, but refused to enjoin him from cultivating the land which he had already cleared. The evidence was conflicting as to the rights of the parties; and this court, according to numerous decisions, will not undertake to control the discretion of the trial judge in granting or refusing an injunction in such a case.

2. It appears that, after the refusal of the trial judge to restrain Weaver from cultivating the cleared land, Baker took the matter into his own hands by raising and building up his dam so as to stop the flow of the water and back it up-stream in such manner as to overflow the land cleared by Weaver, and thus prevent its cultivation. Weaver applied to the court for a rule nisi calling upon Baker to show cause why he should not be attached for contempt. At the hearing of this rule nisi the above facts appeared. The court ordered Baker, within eleven days, to lower the dam to the height at which it had

stood at the time of the previous order. Baker excepted to this order and brought the case here. The ground urged in the argument here was, that this was a mandatory injunction and that the court was without authority to pass it. We do not agree with counsel for plaintiff in error in this view of the case. While it is true that the judge can not, in this State, grant a mandatory injunction at a preliminary hearing, it is likewise true that he has full power in an equity case to order the property to remain in statu quo until the hearing. It would be a source of regret to hold that where a court of equity has acquired jurisdiction of the parties and the property, it can not compel obedience to its orders and preserve the rights of all parties until the final hearing. Baker applied to the court for relief. The court granted it in part and refused it in part. The court thereby said to him: "I will restrain Weaver from cutting the trees and undergrowth, so as to protect you until final hearing of the case; but you have not made out such a title to the cleared land as would authorize me to restrain him from entering upon and cultivating it, and I therefore refuse this part of your prayer." Baker, by his subsequent conduct, replied: "You refuse to restrain Weaver from cultivating this land, but I will take the matter into my own hands and effect my purpose by flooding the land." This, in our opinion, was clearly a violation of the order of court and was a contempt. The court had full power to order him to lower the dam so as to restore the status which had existed at the time the injunction was refused, and, if he refused or failed to obey this order, to attach him for contempt. *Johnson* v. *Hall*, 83 *Ga.* 281.

*Judgment affirmed. All concurring, except Cobb, J., absent.*