## THOMAS *v.* HERRINGTON.

When, on the hearing of an application for injunction, it appears from the evidence that there has been an agreement between the parties, by which the plaintiff was given the privilege of using the timber, for turpentine purposes, upon certain lands of the defendant, but there is a conflict of the evidence as to the quantity of land covered by the contract, and the evidence is conflicting on other material questions, and the judge has granted an injunction at the instance of the plaintiff, and has re-

fused an injunction at the instance of the defendant, the judgment will be affirmed, with direction that the order of the judge be so modified as to grant an injunction to the defendant upon the same terms on which the injunction was granted to the plaintiff, so that the status may be preserved until the final hearing.

Submitted July 4,—Decided August 14, 1907.

Injunction. Before Judge Parker. Coffee superior court. May 4, 1907.

Herrington brought an equitable petition against Thomas, alleging that the plaintiff bought from the defendant the right to box the timber suitable for turpentine purposes, for a period of four years, upon a tract of land containing 340 acres, and paid therefor the sum of $100; that he failed to take a lease, but attempted to do so; that, neither of the parties knowing how to draw a lease, the writing which they signed failed to accomplish the purpose; that he afterwards demanded a lease from the defendant, and the defendant refused to give it; that he commenced to exercise the privilege claimed, and boxed and otherwise used the timber upon the land, and, in order to protect the timber from forest fires and preserve the same from destruction, he placed several employees in the woods to weed and rake the grass and straw; that unless this precaution is taken, the timber is liable to be destroyed and irreparable damage result to one interested in using the same for turpentine purposes; and that the defendant intimidated and threatened his employees and drove them from the land. The prayer is, for an injunction to restrain the defendant from interfering with the laborers of plaintiff, and that the defendant be required, by decree, to execute the lease in accordance with the agreement of the parties. Upon this petition the judge granted a rule nisi and a restraining order. The defendant answered, that he had never agreed to execute a lease to all of the timber on all of the tract of land, but he did agree to permit the plaintiff to work the boxes then cut, and also to cut and use all the timber suitable for turpentine purposes in an old field, consisting of thirty acres, lying on the north side of the tract; the sum to be paid for this privilege being $100; that the plaintiff asked for the turpentine privileges only to the extent just referred to, and the defendant agreed to nothing more; that it was distinctly understood that the plaintiff was not to touch a tree outside of the thirty

acres, except to work the old boxes then in existence; that the defendant is a Greek, and could neither read nor write the English language, and is entirely ignorant in reference to transactions of the character of the one entered into; that the plaintiff presented him with a paper, which he represented contained the agreement in the terms as understood by the defendant, and the defendant agreed that his name. might be placed thereon upon these terms; that he does not know where this paper is; that if it contains any provisions other than those above referred to, it was obtained by fraud; that the plaintiff, instead of simply working the old boxes and the timber on the thirty acres, without any lawful warrant or authority is beginning to cut new boxes on the land outside of the thirty-acre tract, and this conduct has already damaged the defendant in the sum of $500. He prays judgment against the plaintiff for the damages already done, and for an injunction to restrain the plaintiff from using or interfering with the timber, except to use the old boxes and the timber on the thirty-acre tract. At the hearing evidence was introduced by each party, tending to establish the allegations in their pleadings. The writing referred to does not appear in the record. The judge, after considering the pleadings and evidence, passed an order enjoining the defendant from interfering with the plaintiff, or his employees, in working or otherwise using the timber on the land in controversy, provided that the plaintiff, within ten days, give a bond to indemnify the defendant against loss in the event of his recovery in the case; and refused to grant the injunction prayed for by the defendant.

*F. Willis Dart,* for plaintiff in error.

COBB, P. J. (After stating the facts.) The petition of the plaintiff was, in effect, an application for a decree of specific performance of a contract for the sale of an interest in timber; the application being based upon the fact that the entire purchase-money had been paid. It is conceded that there was a transaction between the parties in reference to the purchase of an interest in timber. They are widely at variance with relation to the subject-matter of the contract. The pleadings make a clear-cut issue on this point, and the evidence at the hearing shows that conflict of which the pleadings were but a forewarning. The case made out by the plaintiff, while not, in all particulars, the same as that disclosed in the case of *Huxford* v. *Sou. Pine Co.,* 124 *Ga.* 181

(52 S. E. 439), is in some respects similar thereto. The case does not fall within the timber cutter's act, for the plaintiff is not the owner of the land seeking to enjoin a timber cutter, but he is a turpentine operator claiming the right to use the timber for turpentine purposes and alleging that this right has been interfered with by the owner of the land, in violation of the terms of the agreement. While the case is not strong on the question of irreparable damages, there is some evidence indicating that if he is not allowed to take care of the timber that he desires to use for turpentine purposes, a loss will result to him which is incapable of being estimated in money. We can not say that the judge abused his discretion in granting the injunction prayed for by the plaintiff, nor in imposing the terms upon the plaintiff which provided for the giving of a bond to indemnify the defendant against loss in the event the injunction was wrongfully sued out; but, having reached this conclusion, we think, under the evidence, that he should have also granted the injunction at the instance of the defendant, and have enjoined the plaintiff from doing anything more than using the timber on the thirty-acre tract and utilizing the old boxes on the remainder of the tract. The status should have been preserved until a jury could pass upon the conflicting issues. In cases of a similar character an injunction at the instance of each party has been held to be a proper direction to give the case so as to preserve the rights of each party. See *Johnson* v. *Hall*, 83 *Ga.* 281 (9 S. E. 783); *Wells* v. *Rountree*, 117 *Ga.* 839 (45 S. E. 215); *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 833 (29), (51 S. E. 666). The judgment will be affirmed, with direction that the order of the judge be so modified as to grant the injunction prayed by the defendant, upon his giving a bond in the same amount as that required of the plaintiff, to indemnify the plaintiff against loss in the event it should appear, at the final hearing, that the injunction was wrongfully sued out.

*Judgment affirmed, with direction. All the Justices concur.*