## COLLINS ET AL. v. STANLEY.

ATTACHMENT—BURDEN OF PROOF ON MOTION TO DISCHARGE—TRAVERSE OF GROUNDS OF ATTACHMENT—DEBT FRAUDULENTLY OR CRIMINALLY INCURRED—ISSUES ON TRAVERSE—APPEAL AND ERROR—AFFIDAVIT FOR ATTACHMENT—SUFFICIENCY—OBJECTIONS NOT RAISED BY MOTION TO DISCHARGE—INJUNCTION—DISSOLUTION—EFFECT OF PLEADINGS—DISCRETION OF COURT—ON MOTION TO DISSOLVE—FINAL ORDER—REFUSAL TO ENTERTAIN APPLICATION FOR RELEASE OF ATTACHED PROPERTY.

1. When the grounds for an attachment are positively denied by the defendant in the affidavit in support of the motion to

discharge, the burden then rests upon the plaintiff to sustain them by additional evidence.

2. On motion to discharge an attachment it is not permissible to traverse and put in issue plaintiff's cause of action.

3. The main cause of action upon which recovery is sought is not put in issue by a traverse, on motion to discharge an attachment, of the alleged grounds thereof.

4. On a motion to discharge an attachment a trial of the main case upon the merits is improper.

5. Where, in an action for damages for an alleged wilful and malicious trespass and destruction of property, an attachment is issued upon the alleged statutory ground that defendant fraudulently and criminally contracted the debt and incurred the obligation, a traverse of such ground of attachment, on a motion to discharge the same, does not put in issue the existence of plaintiff's cause of action, but the question on the motion is whether the acts of defendant which caused the alleged damages were, in their nature, fraudulent or criminal.

6. In such case the transactions involved in plaintiff's cause of action may be inquired into to determine whether the alleged ground of attachment exists, but only for that purpose, and not to determine the existence of a cause of action.

7. The trial judge having had the witnesses before him, and having passed upon the weight of the evidence, and there being evidence to support the ruling, the denial of a motion to discharge an attachment upon a traverse of the alleged grounds thereof ought not to be disturbed on error.

8. The contention on error from an order refusing to discharge an attachment that the affidavit for attachment charging a fraudulent and criminal incurring of the obligation is insufficient for failing to set out the facts constituting the fraud and criminality, and in stating that "defendant is" instead of "defendants are" justly indebted, etc., and in not stating that the cause of action is founded on fraud or criminal conduct, cannot be considered where such objections were not raised by the motion to discharge.

9. Under the statute authorizing the issuance of an attachment in a civil action for the recovery of money, the writ may issue in a civil action for the recovery of unliquidated damages.

10. Where the petition in an action for an injunction is sworn to positively, the denials of the answer must be equally positive to warrant the dissolution of a temporary restraining order upon the petition and answer alone.

11. The dissolution of a preliminary injunction, like that of grant-
ing one, rests largely in the discretion of the court to which
the motion to dissolve is addressed, and, except in cases of
palpable abuse of discretion, its action thereon will not be
disturbed on appeal or otherwise restrained or controlled;
such discretion should be exercised so as to prevent injury,
having in mind the situation of the parties.

12. The refusal, on the ground that the matter was not properly
before the court at the time, to entertain an application for
the release from a writ of attachment of alleged exempt
property is not a final order which can be reviewed on error.

[Decided February 2, 1907.]          (88 Pac., 620.)

ERROR to the District Court, Carbon County, HON. DAVID
H. CRAIG, Judge.

Action by J. S. Stanley against William Collins and Mrs.
J. W. Card to recover damages for an alleged wilful and
malicious trespass upon certain premises of plaintiff, and
for consuming and destroying certain personal property
thereon, and for an injunction against a continuance of the
alleged trespass. A writ of attachment was issued at the
commencement of the action upon grounds stated in the
opinion; and a temporary restraining order as prayed for
was issued upon the order of the District Judge upon the
filing of the petition. Motions were made to discharge the
attachment and dissolve the injunction, and upon a hearing
both motions were denied; whereupon the defendants pro-
secuted error. The other material facts are stated in the
opinion.

*N. R. Greenfield,* for plaintiffs in error.

A stipulation in a lease that the lessee will not underlet
the premises or assign the lease without the written con-
sent of the lessor, there being no provision for re-entry for
a breach of the stipulation, constitutes a covenant and not a
condition; and the lessor's only remedy for a breach is an
action for damages. (7 Am. L. Rev., 240-263; Field v.
Mills, 33 N. J. L., 254; Lynde v. Hough, 27 Barb., 415;

Elev. Co. v. R. R. Co., 17 Fed., 200; Vannatta v. Brewer, 32 N. J. Eq., 268; Burnes v. McCubbin, 3 Kan., 221; Walsh v. Martin, 69 Mich., 29; Winkler v. Martin, 2 Kan. App., 621; Spear v. Fuller, 8 N. H., 174; Eldredge v. Bell, 64 Ia., 125; Bergland v. Frawley, 72 Wis., 559; Taylor, L. & T. (2d Ed.), 392.)

Conditions subsequent tending to destroy estates are not favored in law, and if reasonably doubtful whether a provision was intended as a condition subsequent or a covenant, the breach of which may be compensated in damages, it will be held to be the latter.  (Land Co. v. R. Co., 100 Ala., 396; Maynard v. Polhemus, 74 Cal., 141; Scovill v. McMahon, 62 Conn., 378; Peden v. R. Co., 73 Ia., 328; Clement v. Burtis, 121 N. Y., 708; Post v. Weil, 115 N. Y., 361.)  Under our statute (Sec. 2953) the written assignment of a lease may be in the form of an agreement, or order, or in any other form which the parties might use for such purpose.  (4 Cyc., 37, 39.)  Mrs. Card, therefore, had by the assignment from her husband the exclusive right to the possession of the property in controversy.  When Card agreed to release to the lessor he had nothing to release, having previously assigned his interest.  Mrs. Card was also in rightful possession by reason of a homestead estate in the leased premises.  A homestead may consist of lands held under lease for a term of years, which interest cannot be conveyed under the statute (Sec. 3902-3904, R. S. 1899) unless the wife shall join.  (Tyler v. Jewett, 82 Ala., 93; Lee v. Wilborne, 71 Tex., 500; Morgan v. Stearns, 41 Vt., 398; Pendleton v. Hooper, 87 Ga., 108; *In re* Emerson, 58 Minn., 450; Palto v. Cady, 12 Wis., 461; King v. Sturgis, 56 Miss., 606; Brew. Co. v. Smith, 26 S. W., 94; Maatta v. Kippola, 102 Mich., 116; Deere v. Chapman, 25 Ill., 610; Lozo v. Sutherland, 38 Mich., 168; Thomp. Homestead & Exemp., 174; Sec. 2770, Rev. Stat.; Whitlock v. Gosson, 35 Neb., 829; McKinzie v. Shows, 70 Miss., 388; Alt v. Banhalzar, 12 Am. St., 683; Poole v. Gerrard, 65 Am. Dec., 484; Sear v. Hanks, 14 O. St., 298.)

This action is purely an action for damages for injurious acts alleged to have been committed by the defendants, so that the plaintiff's right is limited to an action at law, and an injunction should not be granted to restrain injurious acts already committed, or where there is a complete and adequate remedy at law. Neither will an injunction lie to restrain a mere trespass where no irreparable injury will result therefrom, especially where such injury may be compensated in damages.

The affidavit for attachment is insufficient. (1) By alleging that defendant is indebted it fails to designate the particular defendant so indebted. (2) The mere statement of the statutory ground that the defendants fraudulently and criminally contracted the debt and incurred the obligation is a mere conclusion. (Bank v. Swan, 3 Wyo., 356.) In the statutory ground the word "fraudulently" is the antecedent of the phrase "contracted the debt," and "criminally" relates to an obligation incurred. "Fraudulently" means more than illegal conduct; it implies moral turpitude and intentional fraud. (Worsham v. Murchison, 66 Ga., 715; Finlay v. Bryson, 84 Mo., 664; Drug Co. v. Drug Co., 5 Wyo., 510.) If plaintiff's theory is correct there was no contract relation, and the right of action is founded on a tort. A tort is a wrong independent of contract. (Tel. Co. v. Saunders, 32 Fla., 434; Clark v. Gates, 84 Minn., 381; Jones v. Hunt, 74 Tex., 657; Van Oss v. Synon, 85 Wis., 661; Bouvier's Dict.) The alleged debt could not therefore have been fraudulently contracted.

Mrs. Card, if guilty of any wrongful act, had committed a mere trespass. The lands are not shown to have been enclosed, hence Sec. 4996 in the crimes act does not apply. A malicious trespass under Sec. 5013 does not include every wilful or wrongful act of trespass, but reaches only those acts done with a deliberate intent to injure. (State v. Johnson, 7 Wyo., 515; State v. McKee, 109 Ind., 497; State v. Cole, 90 Ind., 112.) Hatred or ill will towards plaintiff was not shown. Forcible entry and detainer as defined by

Sec. 5026 in the crimes act is outside the plaintiff's case upon the allegations of the affidavit for attachment, hence that section cannot be held to apply; nor does the evidence support the claim that defendants, or either of them, had committed an act such as the statute refers to. The "force" mentioned in the statute means actual force. (Lodge v. Elkins (Ill.), 3 N. E., 272; Smith v. Reader, 21 Ore., 541; Brooks v. Warren, 5 Utah, 118.) The retention of wrongful possession peaceably acquired is a mere trespass. (Com. v. Dudley, 10 Mass., 403; People v. Smith, 24 Barb., 16.) Again no damages beyond nominal can be recovered in an action for forcible entry and detainer. The recovery is limited to restitution and costs. (19 Cyc., 1168-1170.) The evidence as to a matter of this kind on the part of the plaintiff having the burden of proof should be clear, and the affidavit is entitled to little weight. (Vandever v. Reading, 9 N. J. Eq., 446; In re Eldridge, 82 N. Y., 161; Whitney v. Land Co., 24 So., 259; Kipp v. Chamberlin, 20 N. J. L., 656; Fanning v. Doan, 139 Mo., 392.)

The evidence as to a fraudulent disposing of property by defendants was totally insufficient to sustain that ground of the attachment. (Hosea v. McClure, 42 Kan., 403; Campbell v. Jackson, 80 Wis., 48; Wyman v. Wilmarth, 1 S. D., 172; Iron Works v. Hill, 22 Fed., 195; Gregory Groc. Co. v. Young, 53 Kan., 339; Ray v. Gore, 73 Mich., 385; 41 N. W., 329; Goodbe Pitts Drug Co. v. Allen, 8 Utah, 117; Drug Co. v. Drug Co., 5 Wyo., 510.) The court erred in not hearing the application for release of exempt property.

*McMicken & Blydenburgh,* for defendant in error.

The so-called lease was more in the nature of a contract for personal services, and very similar in some of its provisions to a cropping contract, or a letting on shares. Whatever the language used, courts construe so-called leases, agreements and deeds so as to carry out the intention of the parties, respecting the peculiar character of a clause as a condition or covenant. Although an instrument may be

in the form of a lease, it will be construed according to the intention of the parties as shown by its provisions. (Smith v. Tankersley, 56 Am. Dec., 193; Morland v. Strong, 73 N. W., 140; Messinger v. U. W. Co., 65 Pac., 808; William v. Rogers, 68 N. W., 240; Williard v. Wing, 67 Am. St., 657; Thompson v. Smith, 52 Am. Dec., 176; Richards v. Wardwell, 19 Atl., 863; State v. Jewell, 34 N. J. L., 259; Cassell v. Districh, 15 Wend., 379; Taylor v. Bradley, 4 Abb. Dec., 363; Weber v. Sisson, 53 Barb., 258; Denton v. Strickland, 48 N. C., 61; Medland v. Steele, 45 N. C., 154; Maverick v. Lewis, 3 McCord, 211; Warner v. Hossington, 42 V.t., 94; Mann v. Taylor, 51 Tenn., 267; Paige v. Akins, 44 Pac., 666; Chase v. McDonald, 24 Ill., 236; Dixon v. Nichols, 39 Ill., 372; 89 Am. Dec., 312; Lewis v. Wilkins, 62 N. C., 303; Randall v. Chubb, 41 Am. Rep., 165; Lewis v. Sheldon, 61 N. W., 269; Meyer v. Livesley, 78 Pac., 670.) This contract not being strictly a lease, but calling for the personal attention and services of the so-called lessee, it could not be assigned without consent, without forfeiting all rights to possession under it.

There was no homestead right in the leased premises. (R. S. 1899, Sec. 2770.) A married woman is not the head of a family so that a homestead may vest in her while her husband lives with her and is liable for her support. (Fuselier v. Bucknam, 28 La. Ann., 594; Kent v. Smith, 61 Ga., 449; Barry v. Assurance Co., 49 Pac., 148.)

To constitute malicious trespass under the criminal statute it is not necessary that a person shall be absolutely guilty of malice as defined by counsel for plaintiffs in error. The evidence shows the destruction of hay under circumstances indicative of a mischievous intent to injure. A showing of threats is sufficient to make out forcible entry and detainer. Personal violence is not necessary. If a party either by his speech or behavior gives those in possession just cause to fear bodily harm if they do not give way, the entry is deemed forcible. (State v. Pollack, 42 Am. Dec., 140; Evel v. Cromwell, 18 Am. Dec., 142, note; State v. Ben-

nett, 18 Am. Dec., 664; State v. Lawson, 68 Am., 844; Lisner v. State, 20 Am. St., 389; Williams v. State, 48 S. E., 149.)

As to the claim that the court did not hear the application for an order requiring the sheriff to release the property held under the writ as being exempt, the court merely decided that that matter was not at the time properly before it and refused to take it up; the grounds for that decision do not appear, but in any event it was not a final order. If the motion has any standing whatever it is still before the court undisposed of. To sum up our claim it is that the contract in evidence is not such a contract as can be strictly construed to be a lease or one that is assignable. That no estate was created in the land which would support a homestead interest. That the so-called assignment to Mrs. Card was void. That if it could have any effect to transfer Card's right under the contract it would destroy the homestead interest, if any, as the wife, not being the head of the family, would not be entitled to a homestead. That if there was a homestead interest in Card then the assignment to his wife would be void for want of her signature. That if the assignment to Mrs. Card was not void she gave him such power as her agent that his release to Stanley was valid and binding upon her. That the evidence shows an abandonment of any residence upon the place by both Card and wife prior to the release. That the evidence conclusively shows a forcible entry and detainer by both defendants. That the affidavit is in all respects sufficient in itself and that the evidence sustained it rendering the attachment valid. That the injunction was properly issued, and that the court properly refused to dissolve it. That the evidence having been passed upon by the court and there being sufficient evidence to sustain both the attachment and injunction, although there might be some evidence to the contrary, this court will not disturb the finding of the court below on conflicting evidence.

In a reply brief counsel for plaintiff in error cited the following in opposition to the contention that the contract between the parties was not a lease, but similar to a renting on shares. (Warren v. Abbey, 112 Mass., 355; Smith. v. Schultz, 89 Cal., 526; Walls v. Preston, 25 Cal., 60; Strain v. Gardner, 61 Wis., 174; Wadley v. Williams, 75 Ga., 272; Frame v. Badger, 79 Ill., 441; Cornell v. Dean, 105 Mass., 435; Mondenschein v. State, 55 Ark., 389; Dixon v. Nicolls, 39 Ill., 372; Mundy v. Warner, 61 N. J. L., 395; Foley v. Land Co., 94 Wis., 329; Clarke v. Cobb, 121 Cal., 595; Richards v. Wardwell, 82 Me., 343; McClellan v. Whitney, 65 Vt., 510; Howland v. Forlaw (N. C.), 13 S. E., 173; Dvorak v. Graves, 16 Neb., 706.)

BEARD, JUSTICE.

This action was brought by the plaintiff, the defendant in error, against the defendants, the plaintiffs in error, to recover damages which he alleged he had sustained by reason of the unlawful and forcible entry of the defendants upon a certain ranch belonging to plaintiff, and ejecting his agent therefrom, and by threats and intimidation holding possession of the same, and by tearing down the fences around the hay stacks, and by consuming and destroying the hay stacked on said ranch, and by depasturing said lands. That all of said acts of defendants were wilful and malicious, and were done with intent to injure and defraud plaintiff out of his right to the possession of said ranch, and out of his property. That defendants hold said premises with force and arms, and threaten to continue to deprive plaintiff of the possession of said property. That if they are allowed to continue so to do the plaintiff will be unable to protect his personal property on said ranch or to clean out the ditches, or to repair the fences thereon, and that he will be irreparably damaged.

The petition was presented to the judge of the District Court and a preliminary injunction issued restraining the defendants from interfering with plaintiff's possession of

the ranch and restraining them from entering thereon. The plaintiff also filed with his petition his affidavit for a writ of attachment, which, after being entitled in the case, is as follows: "I, J. S. Stanley, being first duly sworn on my oath, depose and say that I am the plaintiff in the above entitled action; that the defendant is justly indebted to plaintiff in the full and just sum of two thousand dollars; that the same is due on account of damages for wilfully and maliciously taking possession and holding possession of my Cow Creek ranch known as the Albert Walters ranch and using and destroying the hay thereon and depasturing said ranch; that plaintiff ought to recover of defendants the above sum of money after allowing all just credits, counterclaims or setoffs; and that the defendants fraudulently and criminally contracted the debt and incurred the above obligation. That the defendants are about to convert their property or a part thereof into money for the purpose of placing it beyond the reach of their creditors."

A writ of attachment was issued and levied upon personal property of defendants, and they filed a motion to discharge and dissolve the attachment and also a motion to vacate the injunction. Both motions were denied by the court upon hearing, and defendants bring error.

The grounds of the motion to discharge the attachment are "that the defendants did not fraudulently or criminally contract the alleged debt, nor fraudulently or criminally incur the alleged obligation." And "that the defendants were not about to convert their property or a part thereof into money for the purpose of placing it beyond the reach of the creditors." This motion was supported by the affidavit of each of the defendants in substantially the same language as that contained in the motion, and was heard upon affidavits and oral testimony offered by the parties. When the grounds for an attachment are positively denied by the defendant in the affidavit in support of the motion to discharge, the burden then rests upon the plaintiff to sustain them by additional evidence; and in this case we do not

understand counsel for plaintiff to seriously contend that
there is evidence to support the claim that defendants were
about to dispose of their property with intent to defraud
their creditors. This narrows the issues to the single ques-
tion, was the obligation fraudulently or criminally in-
curred? The argument of counsel for plaintiff in error is
that the evidence shows that the defendant, Mrs. Card, was
entitled to the possession of the ranch and that she could
not, therefore, commit any trespass thereon and no obliga-
tion was or could be fraudulently or criminally incurred.
That she was entitled to possession under a lease or contract
entered into between her husband and plaintiff, which lease
or contract she claimed had been assigned or transferred to
her by her husband and that he had since abandoned her;
that she had a homestead right in the premises and that a
release of the contract executed by her husband was void,
etc.; while on the other hand it is argued that the contract
or lease could not by its terms be assigned without the
written consent of plaintiff; that it was a contract for per-
sonal services and could not be assigned; that plaintiff had
no notice of the assignment, and that Card released and
surrendered possession to plaintiff. But, if the contract
could be assigned, then Card was the agent of his wife and
she was bound by his acts in releasing and surrendering
possession. These matters went to the merits of the case
and involve questions of fact, upon which the parties had
the right to a jury trial, as well as questions of law. These
questions cannot be tried in this summary manner, but must
be disposed of in the regular way on the trial. The traverse
of the affidavit for the attachment by the motion to dis-
charge in this case, is of the grounds for the attachment,
and we think. that is the only traverse that is permitted on
such motion. Were the rule otherwise, the validity of
plaintiff's cause of action might be put in issue, and require
a trial on the merits; and thus in every case in which an
attachment is issued the defendant could force a trial on
the merits and on *ex parte* affidavits, on a motion to dis-

solve, which, as we have already stated, cannot be done. In Foley v. Virtue, 8 Abb. Prac. Rep. (N. S.), 407, it is said: "The referee and counsel appear to have acted in this matter upon the assumption that the case was to be tried upon its merits, whereas it would seem that the reference was ordered only for the purpose of taking proofs in respect to the facts going to sustain or defeat the attachment. It may be that the referee is correct, and that no cause of action exists in favor of the plaintiff against the defendant, but that question cannot be tried in this summary mode, but must be disposed of in the regular way on the trial. Were the rule otherwise, the cause would in effect be tried on its merits on a mere motion to vacate the attachment." In Newell v. Whitwell, 16 Mont., 243, it was held that it was not within the scope of the inquiry on a motion to dissolve an attachment to try the merits of the main action. In the opinion in that case a number of cases are cited and discussed. (See also Miller v. Chandler, 29 La. Ann., 88; Romeo v. Garofalo, 25 N. Y. App. Div., 191; Kirby v. Colwell, 81 Hun (N. Y.), 385; Chouteau v. Boughton, 100 Mo., 406.)

In the case at bar we think it must be assumed for the purposes of the motion that a cause of action exists in favor of plaintiff against defendants for damages in the sum claimed for trespass and for consuming and destroying his property; and that the only question presented by the motion on this ground is, whether the acts of defendants which caused the alleged damages were in their nature fraudulent or criminal. The circumstances of the transactions out of which plaintiff's cause of action arose, may be enquired into although they may involve some of the facts upon the merits; but such inquiry is for the purpose of determining whether grounds for the attachment exist and not whether there is or is not a cause of action. The evidence on the charge that defendants were about to dispose of their property or a part thereof with intent to defraud their creditors was probably insufficient to sustain that

charge; and, as we have said, we do not understand counsel to rely much thereon; but we think there is sufficient evidence in the record to sustain a finding that the acts were criminal in their nature. There is evidence of the defendants themselves strongly tending to show that they went to the ranch and by threats and intimidation caused plaintiff's agent to leave, and that they intended to use such force as might be necessary for that purpose. The judge of the District Court had the witnesses before him, and having passed upon the weight of the evidence, and there being evidence to support the ruling, we ought not to disturb it.

It is also contended by counsel for defendants that the affidavit for attachment is insufficient because, first, that in the printed part of the affidavit it states that the "defendant is" justly indebted, etc., instead of "defendants are," etc.; second, that the facts constituting fraud and criminality are not set out; third, that in the statement of the nature of plaintiff's claim it is not stated that the claim is founded on fraud or criminal conduct, but simply on trespass. A complete answer to these objections is that none of them were raised by the motion and they cannot, therefore, be considered. The motion contains one other ground, viz.: "that the action of the plaintiff in which the attachment was issued as appears from the petition is for the recovery of purely unliquidated damages, for which attachment proceedings will not lie." In some of the states an attachment can issue only in actions on contract, express or implied; but our statute does not contain such limitation, and it may issue in a civil action for the recovery of money. (Sec. 3988, R. S. 1899.) It is not contended that this is not such an action. Under the Ohio statute, of which ours is a literal copy, it was held in Sturdevant v. Tuttle, 22 O. St., 111, that an attachment will lie in a civil action for the recovery of unliquidated damages for assault and battery; and that case was approved and followed in Kirk v. Whitaker, id., 115, and Cresser v. Young, 31 O. St., 57.

The motion to vacate the injunction was based largely upon the alleged insufficiency of the petition and a denial of the facts therein stated as grounds for the injunction. The motion was not supported by affidavits, but refers to all of the pleadings on file in the case, in support of the motion.   An examination of the record discloses that these pleadings consist of the petition, which is positively sworn to by plaintiff;  the separate answer of defendant Card, the verification of which by her is to the effect that she believes the facts therein stated to be true;  and the separate answer of defendant Collins, verified in the same way by his attorney.   When the petition is sworn to positively the denials of the answer must be equally positive to warrant a dissolution of an injunction upon the petition and answer alone.   In Potter v. Jennings, 89 Cal., 444-5, it is said: "Certain allegations of the complaint are denied upon information and belief.   While denials in this form are authorized by Section 437 of the Code of Civil Procedure as matters of pleading, and are sufficient to raise an issue, yet they are not such denials as will serve as a basis of a motion to dissolve an injunction on the ground that the equities of the bill are fully denied by the answer."   (See also 10 Ency. Pl. & Pr., 1068, and cases cited in notes.)   However, on the hearing in this case the defendants gave oral testimony, and the plaintiff offered oral testimony and affidavits. The evidence covers about thirty pages of the record and is conflicting.   Upon this evidence the District Court denied the motion, and we think the rule is well settled that the dissolution of a preliminary injunction, like the granting of one, is a matter resting largely in the discretion of the court to which the motion to dissolve is addressed, and except in cases of palpable abuse of discretion, the action of the court will not be disturbed on appeal or otherwise restrained or controlled.   (10 Ency. Pl. & Pr., 1029.)   This discretion should be exercised so as to prevent injury, having in mind the situation of the parties.   The rights of the defendants are protected by the bond, while there is no such

protection afforded plaintiff if the injunction is dissolved, and it should turn out that his action is well founded. We have examined the entire record and we fail to find any abuse of discretion on the part of the District Court in refusing to vacate the injunction.

The only remaining assignment of error is that the court refused to hear evidence in support of a motion filed by the defendant Card, for an order requiring the sheriff to release the property attached on the ground that it was exempt from attachment. The order of the court after denying the motion to vacate the injunction, and to discharge the attachment, recites: "And thereupon the defendants by counsel asked that the court should hear the application of defendants for an order on the sheriff to release all the attached property, claiming the same to be exempt; and the court thereupon refused to hear or entertain said application at this time, for the reason that the same was not properly before the court at this time." This is not such a final order as can be brought to this court upon error. The application was neither sustained or denied, and for anything that appears in the record is still pending and undetermined. If the District Court without just cause has refused to act in a matter in which it is required by law to act, the remedy is not by error to this court, but by mandamus. We find nothing in the record to warrant us in disturbing the order of the District Court, and it is, therefore, affirmed.          *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.