No. 11,861.

Gibson, Administratrix v. Gagnon, et al.

Decided May 31, 1927. Rehearing denied July 5, 1927.

Action for money borrowed, involving attachment proceedings. Judgment of dismissal.

*Reversed.*

*On Application for Supersedeas.*

1. Evidence—*Deceased Witness.* Material and pertinent testimony of a deceased witness, given at the trial of a former action between the same parties, where the issues are identical, or at a preliminary hearing or trial of an issue in the same case, is admissible in evidence.

2. ATTACHMENT—*Affidavit.* An affidavit in attachment must contain an allegation of indebtedness from the defendant, and also some one or more of the grounds upon which the statute authorizes an attachment.

3. EVIDENCE—*Deceased Witness.* In determining the admissibility of the testimony of a deceased witness given at a former trial, the requirement of identity of parties is satisfied by the existence of the relation of privity between the parties to the successive trials, and the requirement of identity of issues is satisfied where the issue on which the former evidence is offered is common to both cases.

4. APPEAL AND ERROR—*Evidence—Deceased Witness.* The exclusion of a transcript of the testimony of a deceased witness as evidence, held prejudicial error under the facts disclosed.

5. *Evidence—Objection.* On review, a party may not urge an objection to evidence which was not presented to the trial court.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. S. R. OWENS, Mr. LOWELL D. HUNT, for plaintiff in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defendants in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN compliance with the request of both parties the decision is on the merits on this application for a supersedeas. The action was instituted by Homer A. Gibson against Christiana Gagnon and Edward Gagnon to recover a judgment against them for money they borrowed of him. In aid of the action he sued out a writ of attachment. As grounds therefor the supporting affidavit alleges that defendants are indebted to him for money borrowed, and that they are about to remove

their property and effects out of this state with intent to defraud, hinder and delay their creditors, including the plaintiff, and that they have already fraudulently concealed, transferred and assigned and removed and disposed of their property and effects so as to hinder and delay creditors. Defendants' traverse of the affidavit in attachment specifically denies the allegation therein of indebtedness in any sum, and denies the alleged causes for which the writ of attachment was issued. A preliminary hearing was had on the motion of the defendants, supported by affidavit, to dismiss the attachment, and considerable testimony was taken by the respective parties. The trial court, presided over at the time by Judge Starkweather, filed a written statement, including his findings and judgment, from which it appears that the court reserved decision on the merits until trial of the main issue, but found as stated in plaintiff's affidavit that the defendants were guilty of the fraudulent conduct charged, and upon such finding upheld the attachment. Thereafter the plaintiff Gibson died and his widow, the plaintiff in error here, was appointed administratrix of his estate and as such was substituted as the plaintiff herein. Trial on the merits, Judge Bray presiding, was before the court and a jury. At the close of the testimony the court took the case from the jury and granted the defendants' motion to dismiss the action and plaintiff is here with her writ of error.

The single important assignment of error is that the trial court improperly refused, on plaintiff's application, to admit in evidence the testimony of the deceased witness, the original plaintiff, Homer A. Gibson, received at the preliminary hearing in this action on the defendants' motion to dismiss the attachment, when he testified, among other things, that defendants were indebted to him for money borrowed. We think this refusal was prejudicial error and because of its commission by the trial court, its judgment must be reversed. That Gibson

was dead at the time of the trial on its merits is conceded. That material and pertinent evidence of a deceased witness, given at the trial of a former action between the same parties and where the issues are identical, or at a preliminary hearing or trial of an issue in the same case is admissible, practically all courts in this country declare. *Plains Iron Works Co. v. Haggott*, 72 Colo. 228, 210 Pac. 696. The sole objection by the defendants at the trial upon the merits to the transcript of the testimony of the deceased witness Gibson, given under oath at the hearing of the defendants' motion to dismiss the action, was that the issue at that hearing was not the same as the issue on final hearing. This, we observe, is not strictly a case where evidence is offered that was given at the trial in a former or another action between the same parties or their privies, but the offer was of evidence in the trial on the merits in the same action between the same parties, or the representatives of the same parties, that was given under oath in a preliminary statutory hearing therein on defendants' motion to dismiss the ancillary writ of attachment. The parties here, however, have submitted this case upon the theory that there is no difference in principle between the two kinds of cases and we shall dispose of the case upon that assumption which seems to be well founded.

Section 98, chapter 6, of our Code of Procedure provides, among other things, that no writ of attachment shall issue unless there is filed by or in behalf of the plaintiff an affidavit setting forth that the defendant is indebted to plaintiff, and alleging any one or more of the causes for attachment found in the section. In *Mentzer v. Ellison*, 7 Colo. App. 315, 43 Pac. 464, our Court of Appeals held that it is indispensable that the affidavit for attachment contain an allegation of indebtedness from the defendant, and also some one or more of the grounds upon which the statute authorizes an attachment. If either allegation is absent from the affidavit, there is no power to issue the writ. The decision of the

Court of Appeals on this ground was afterwards approved by this court in *Stephens v. Wheeler,* 60 Colo. 351, 153 Pac. 444. The trial court in disposing of the motion to dismiss the attachment observed the usual practice in saying that decision upon the merits would not then be made, but only the cause or ground of attachment would be passed upon. In *Collins, et al. v. Stanley,* 15 Wyo. 282, 88 Pac. 620, 123 Am. St. Rep. 1022, in a well-considered opinion it was held that on a motion to dismiss the attachment it is not proper to go into the merits of the case, upon which the parties have the right of a trial by jury and, therefore, it is not permissible to traverse and put in issue the plaintiff's cause of action upon which ultimate recovery is sought. The court said that were the rule otherwise, the validity of plaintiff's cause of action might be put in issue and require a trial on the merits. The court, however, observed that in some of the states an attachment can issue only in actions on contract, express or implied, where the rule is otherwise. In an elaborate note to the Collins case, supra, as reported in 123 American State Reports, 1022, the annotator at page 1059, says that in the four states of Colorado, Kansas, Pennsylvania, and Texas there are cases where inquiry into the merits on a motion to discharge are allowed. This holding is based on the statutory provisions governing procedure in such cases. In addition to our cases herein cited, the annotator cites *Woods v. Tanquary,* 3 Colo. App. 515, 34 Pac. 737. That case may not be directly in point, but in principle it is in harmony with the rule established in the other Colorado cases cited in this opinion. The Wyoming statute, however, does not contain any such provision. We have already seen that our decisions require a plaintiff in attachment to set forth in his affidavit therefor that the defendant is indebted to the plaintiff and the nature and amount of the indebtedness must be set forth. The Wyoming court, moreover, held that the circumstances of the transaction out of which the plaintiff's cause of

action arises may be inquired into, even in that jurisdiction, although they may involve some of the facts on the merits; but that such inquiry is for the purpose of determining whether the grounds for the attachment exist, and not whether there is or is not a cause of action. The trial court here, upon the motion to dismiss the attachment, obviously conformed to the practice indicated by the Wyoming court in the Collins case.

In 22 C. J. p. 427, is a valuable discussion, with the citation of many authorities, on the subject of the admission of former evidence in which, among other things, it is said that a broad meaning is given to the word "trial" as applied to the proceeding at which the evidence was originally adduced. We think that it includes, in principle at least, evidence given in a preliminary hearing which is offered in the same action upon final hearing of the merits. There must be identity of parties which is satisfied by the existence of the relation of privity between parties to the successive trials. That condition is met in this case. So there must also be identity of issues. As already stated, the only objection to the introduction of this testimony was upon the ground of a lack of identity of the issues tried on the motion to dismiss the attachment, with the issues on the question of indebtedness upon the final hearing of the case on its merits. As to the identity of issues the requirement is satisfied where the issue on which the former evidence is offered is common to both cases and it is immaterial if there are other issues in either case or even that the subject matter is different. *Woodworth v. Gorsline,* 30 Colo. 186, 69 Pac. 705, 58 L. R. A. 417; *Tritch v. Perry,* 48 Colo. 339, 108 Pac. 981; *Chappell v. John,* 45 Colo. 45, 99 Pac. 44, 132 Am. St. Rep. 134, 16 Ann. Cas. 854; *Jackson v. Crilly,* 16 Colo. 103, 26 Pac. 331.

This court in *Jerome v. Bohm,* 21 Colo. 322, 40 Pac. 570, has gone to the extent of holding that even though in a former trial the court did not have jurisdiction of the subject matter, if it had obtained jurisdiction of the

parties it might compel the attendance of witnesses and legally administer oaths for the purpose of elucidating the truth of the facts involved in the controversy, and upon which even its jurisdiction might depend, and we then said that the testimony of a witness in such circumstances taken under the sanctity of an oath lawfully administered was admissible, and makes such witness a competent witness for all purposes and his testimony may be received in evidence at a subsequent trial between the same parties or their privies and upon the same issue. This conclusion, however, has been questioned or qualified. 22 C. J. p. 427, note 57. The test almost universally employed as to the admissibility of such evidence is the opportunity which the party against whom it is offered in evidence had of cross-examination. In this case the defendants not only expressly denied the indebtedness alleged in the affidavit for the attachment, and thus put in issue an allegation whose absence from the affidavit would not have secured the writ, but permitted without objection the plaintiff Gibson to testify at length as to the indebtedness and the nature thereof, and at considerable length cross-examined him with reference thereto and introduced evidence by the defendants denying the indebtedness. The defendants themselves, therefore, having participated, and without objection, in the preliminary hearing on the issue of indebtedness, and having had full opportunity to cross-examine the plaintiff thereon, and having availed themselves of the opportunity and indulged in cross-examination, and the issue of indebtedness being common to the hearing on the motion to dismiss and to the trial upon its merits, the transcript of the testimony of Gibson offered should have been received and prejudicial error was committed in its rejection.

The further point, which was not suggested at the time the trial court rejected the offer of proof, but interposed for the first time upon this review by the defendants, is that the offer of testimony was too broad in that it in-

cluded testimony that is not material and that does not go directly to the right of plaintiff to attach the property of the defendants. Having expressly limited this objection at the time of the trial to the lack of identity of issues, it is too late for the first time upon review to urge a different objection which might have been, and probably would have been, obviated by the plaintiff in eliminating that part of the offer, if any, that was not pertinent to the trial on the merits.

The judgment is reversed, the cause remanded with instructions to vacate the same, further proceedings, if any, to be not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.