## No. 12,937.

TAYLOR ET AL. *v.* FRANK N. BRIGGS LAND INVESTMENT
COMPANY ET AL.

(18 P. [2d] 452)

Decided January 7, 1933.

Mr. FLOYD E. PENDELL, for plaintiffs in error.

Mr. EDGAR McCOMB, Mr. MILTON D. GREEN, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFFS in error will be referred to as plaintiffs and defendants in error as defendants, as in the trial court. In a civil action pending in the district court of Weld county, plaintiffs were adjudged guilty of contempt for their refusal to comply with an order of court to submit to cross-examination as an adverse party before a notary public in the City and County of Denver, in response to a subpoena duces tecum issued by the notary. Plaintiffs prosecute error.

The above court order was procured at the instance of the notary public, apparently actuated by the request of three of the defendants. It was made after the filing of the complaint, but before defendants had answered. Plaintiffs declined to testify upon the advice of their counsel, who appeared for them and respectfully objected to the procedure adopted. The objection was based upon the ground that such cross-examination before a notary public is not authorized by section 6570, C. L. 1921, upon which the order was based. Counsel for plaintiffs, however, informed the notary that "If * * * it is desired by the above defendants to make plaintiffs their witnesses, and examine them as such, I will produce them at any time, in compliance with lawful subpoena." This offer of plaintiffs, as made before the notary, was incorporated by the latter in his affidavit and petition to the court that plaintiffs be cited for contempt. It does not appear that either counsel for defendants or the notary availed themselves of this offer; their only response was an insistence that plaintiffs be cited for contempt, and defendants still persist in this request.

Section 6570, C. L. 1921, reads as follows: "A party to the record of any civil action or proceeding, or a person for whose immediate benefit such action or proceeding is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation, which is a party to the record in such action or proceeding, may be examined upon the trial thereof, as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled in the same manner and subject to the same rules for examination as any other witness to testify, but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony."

The only question to be determined, as we view it, is whether the contemplated cross-examination would have been "upon the trial" of the case within the meaning of the above statute. Plaintiffs contend that such words do not mean a cross-examination as an adverse witness under the statute in a so-called "trial" before a notary public.

 We do not need to analyze the word "trial" in all of its refinements and distinctions, but in the sense that it is used in section 6570, we take it as it is commonly understood as applied to a civil action or proceeding, for the reason that the statute confines it to this. Furthermore, it does not provide that such cross-examination as an adverse witness may be had other than "upon the trial thereof," and it must be so limited.

 Bouvier's Law Dictionary (Rawle's 3d Rev.), vol. 3, page 3320, defines the word "trial" as follows: "In Practice. The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue." A somewhat similar definition will be found at page 956 of volume 21, Ency. Pl. and Pr.

 The above definition is sufficiently serviceable for all present purposes. It would seem to be unnecessary to dwell at length upon the self-evident proposition that

the taking of a deposition before a notary public is not the trial of an action, or that he is not vested with the prerogatives of a trial judge. Such deposition may or may not be used upon the trial. A notary public is not a tribunal, competent or otherwise. If the taking of testimony before him should be regarded as a trial, it would lead to serious consequences. In the present instance, it would mean one trial before the notary public in the City and County of Denver, and a later one before the court in Weld county. If defendants' contention is correct, where parties are numerous, it might multiply the number of trials and the counties where tried, all before an officer not authorized either to decide the issue or to enforce his judgment if he should attempt to render it. We do not so construe the above statute.

A broad meaning is sometimes given to the word "trial." As we said in *Gibson v. Gagnon*, 82 Colo. 108, 113, 257 Pac. 348, "We think that it includes, in principle at least, evidence given in a preliminary hearing which is offered in the same action upon final hearing of the merits." But this presupposes that some issue is at stake, whether preliminary or final, and it does not authorize the transfer of the seat of a trial from before a court to the office of a notary public. It is to be noted that section 6570, C. L. 1921, does not contain any reference whatsoever to the taking of a deposition before a notary.

Perhaps the nearest approach to a similar statute in other jurisdictions is one in Minnesota, discussed in *Snelling State Bank v. Clasen*, 132 Minn. 404, 157 N. W. 643, but in the statute of that state the words, "upon the trial thereof," are omitted and so it affords little light upon the question here presented.

■ This decision does not deprive a party of the right of cross-examination under the rules of the common law or the Code of Civil Procedure. The statute is remedial. "It grants to a party a right which, under the procedure at common law, he did not have, but it does

not abridge any right which he had thereunder." *Purse v. Purcell,* 43 Colo. 50, 53, 95 Pac. 291. Counsel for defendants in error invoke the provisions of section 376, et seq., of the 1921 Code of Civil Procedure, concerning the taking of testimony by deposition, but we confine ourselves to section 6570, C. L. 1921. Plaintiffs in error did not refuse to be sworn or testify; on the contrary, their counsel made the offer which we have quoted, but it was ignored. They should not be punished for failing to do that which they offered to do.

The judgment in contempt is reversed, the cause remanded with instructions to vacate the same, further proceedings, if any, to be not inconsistent with the views herein expressed.

MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER not participating.