## WEAVER v. RICHARDSON.
### (No. 732.)

EJECTMENT—TRIAL—QUESTION FOR JURY—DIRECTING VERDICT.

1. When a case is tried to a jury, controverted questions of fact upon which there is substantial conflict in the evidence should be submitted to the jury for its determination.

2. In an action for the possession of real estate it was for the jury, and not the court, to weigh the conflicting evidence with reference to a contract under which defendant claimed right of possession, and determine whether or not the defense was established by a preponderance of the evidence; and it was error for the court to direct a verdict for the plaintiff on the ground that defendant had failed to show a contract of sale.

[Decided February 11, 1913.]          (129 Pac. 829.)

ERROR to the District Court, Albany County, HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*V. J. Tidball* and *N. E. Corthell,* for plaintiff in error.

The evidence tending to show an authorized or ratified contract of sale was sufficient for submission to the jury, and the court therefore erred in directing a verdict for the plaintiff. Where an oral contract for the sale of real estate has been made, and in pursuance thereof the vendee has gone into possession, paid a part of the purchase price, and made valuable and lasting improvements, the contract will be enforced in equity. (Sedgwick & Wait on Trial of Title to Land, 321-a.) Possession alone without payment is held in England sufficient to constitute part performance of such a contract, and take the case out of the statute of frauds. (36 Cyc. 652.) To the same effect, Kirk v. Hamilton, 102 U. S. 79; and the same rule is maintained by the courts in several states. (Calanchini v. Bransteter, (Cal.) 24 Pac. 149; Andrew v. Babcock, (Conn.) 26 Atl. 715; Robinson v. Thrailkill, (Ind.) 10 N. E. 647; Baldwin v. Baldwin. (Kan.) 84 Pac. 568; Coggswell & Co. v. Coggswell, (N. J.) 40 Atl. 213; Horton v. Stegmyer, 175 Fed. 736, 20 Ann. Cas. 1134; Hubbard v. Slavens, (Mo.) 117 S. W. 1104.) But the rule is general that possession and payment in full or in part is sufficient to take the contract out of the statute. (36 Cyc. 654; Jerman v. Misner, (Or.) 108 Pac. 179; Houston &c. R. Co. v. Wright, (Tex.) 38 S. W. 836.) And by other cases it is held that possession accompanied by the making of valuable improvements is sufficient to take the contract from the operation of the statute. (36 Cyc. 655; 26 Ency. Law, 57; O'Hara v. O'Hara, 16 O. C. C. 367; Pennington v. Pennington, (S. C.) 71 S. E. 825; Moulton v. Harris, 29 Pac. 706; Mudgett v. Clay, (Wash.) 31 Pac. 424; Smith v. McCorkle, (Mo.) 16 S. W. 602; Newkirk v. Marshall, (Kan.) 10 Pac. 571; Henrikson v. Henrikson, (Wis.) 127 N. W. 962; Ganes v. Kendall, (Ill.) 52 N. E. 141; Townsend v. Vandewerker, 160 U. S. 173; Metcalf v. Hart, 3 Wyo. 513. ) There was error in the assessment of the amount of recovery, since no consideration was given to the cost or value of the defendant's improvements upon the property.

*Frank E. Anderson,* for defendant in error.

In the making of the alleged contract of sale Mrs. Weaver was dealing with an agent having limited authority, and she was bound to know the extent of such authority. Mrs. Richardson was not aware of any offer for the property made by Mrs. Weaver until several months after the latter had taken possession, and any notice of that possession which the alleged agent may have had could not have bound Mrs. Richardson, unless she had expressly accepted the offer. It is plain from the testimony that she did not accept the offer. The burden was upon the defendant to show the alleged contract, and having failed in that the court very properly directed a verdict for the plaintiff; the amount of damages and rent having been agreed upon by stipulation. The evidence did not show the necessary elements to make a good contract of sale. (Brown v. Grady, 16 Wyo. 151; Breckinridge v. Croker, 21 Pac. 179; Mieux v. Hogue, (Cal.) 27 Pac. 745.)

The evidence as to the alleged contract of sale did not bring it within the rule authorizing the enforcement of such a contract where the vendee has entered into possession, paid part of the purchase price and made valuable and lasting improvements. (O'Brien v. Foulke, 69 Kan. 475, 77 Pac. 103; Mieux v. Hogue, *supra;* Guthrie v. Anderson, 30 Pac. 6; Lamme v. Dodson, (Mont.) 2 Pac. 298.) The improvements made by Mrs. Weaver, if any were made, were made after she had written her letter stating that she would stay upon the place until Mrs. Richardson had made some other disposition of it, and after another letter written by her indicating that she knew her offer to buy had not been accepted.

BEARD, JUSTICE.

The defendant in error, Annie F. Richardson, brought this action in the District Court of Albany County against the plaintiff in error, Adelaide J. Weaver, to recover the possession of certain real estate situated at Tie Siding in

said county, and for damages for the alleged unlawful detention of the possession of the same by plaintiff in error. The cause was tried to a jury and at the conclusion of the evidence, at the request of the plaintiff below, the court instructed the jury to return a verdict in favor of said plaintiff. Judgment was entered on said verdict, and defendant below brings the case here on error.

For convenience the defendant in error will be referred to as plaintiff, and the plaintiff in error as defendant. The answer denied the allegations of the petition, and for a second defense alleged in substance that about October 28, 1909, the plaintiff and defendant entered into an agreement by which the plaintiff agreed to sell to defendant said premises for the sum of $500, and that defendant deposited with one Ada Ulen, the agent of both parties, $20, in escrow as part of the purchase price of said premises; that said $20, together with the balance of said purchase price was to be paid to plaintiff when she should execute and deliver to defendant a good and sufficient warranty deed conveying to defendant a clear title to said premises; that defendant should take immediate possession and hold the same until such deed was executed and delivered; that relying on said agreement, and with the consent of plaintiff, the defendant entered into the possession of the premises and has since been in the quiet possession thereof, believing the same to be her property, and with the knowledge and consent of plaintiff has made valuable and lasting improvements thereon; and alleged that plaintiff had failed to keep and perform said agreement on her part. The reply admitted that defendant entered into possession of the premises at the time stated in the answer, and denied the other allegations therein contained.

For the trial of the issues of fact thus joined the plaintiff demanded a jury. On the trial it appeared that the agreement, if any, was made between the defendant and Mrs. Nally, the daughter of plaintiff, and her authority to enter into any contract as agent for her mother, as well as what

the agreement was, was in dispute. Also under what conditions or agreement the defendant entered into possession of the premises; what improvements defendant had put thereon, and whether the same were made in good faith relying on the contract; whether the plaintiff, with knowledge of what her daughter had done in the matter, had been ratified by her, were all controverted questions of fact upon which the evidence was in direct conflict. It would serve no useful purpose and would unnecessarily lengthen this opinion to set out herein the evidence showing such conflicts. We deem it sufficient to say that upon each of the questions above stated there was a direct conflict in the testimony of one or more witnesses on each side, with more or less corroborating or contradictory evidence in letters introduced in evidence and in the substance of other correspondence which it was testified had been destroyed and could not be produced. The case being tried to a jury it was not for the court to determine on which side the evidence preponderated, or which witnesses were most worthy of credence. Had the case been tried to the court without a jury and the court had found for the plaintiff on the conflicting evidence, an entirely different question would be presented. But when a case is tried to a jury it is the duty of the court to submit to the jury for its determination controverted questions of fact upon which there is a substantial conflict in the evidence. In this case it is not claimed that if the facts are as the evidence on the part of the defendant tends to prove they would not constitute a good defense to the action and that for that reason it was proper for the court to take the case from the jury.

The motion made in the District Court for an instruction directing the jury to return a verdict for plaintiff was: "The plaintiff moves the court to instruct the jury to return a verdict for the plaintiff upon the ground that no contract for the sale of said property has been shown, and that there has been an absolute failure on the part of the defendant to show any agency authorized by the plaintiff, Mrs. Richard-

son, or which could in any wise be binding upon her." That motion was sustained by the court; and counsel for defendant in error says in his brief: "The court sustained the motion, holding that the burden shifted to the defendant below to show a contract of sale, and that she had failed to do this." This, we think, was clearly an invasion by the court of the province of the jury. It was for the jury, and not the court, to weigh the conflicting evidence and determine whether or not the defense was established by a preponderance of the evidence. For the error in directing a verdict for the plaintiff the judgment of the District Court is reversed and the case remanded for a new trial    *Reversed.*

SCOTT, C. J. and POTTER, J., concur.