## SAMUEL HAMER, Respondent, *v.* JOHN KANE, Appellant.

No Injunction to Restrain Execution restrainable by simple Motion. Where in an action for an injunction to restrain proceedings under a writ of execution issued by a justice of the peace in a certain tax suit commenced before him, and in which he had denied a motion to transfer to the district court, in accordance with Section 33 of the Act of March 9th, 1865, (Stats. 1864–5, 271) the complaint set forth the fact of an appeal from the judgment to the district court, but failed to allege any motion to either the justice or district court to stay the execution issued: *Held*, that as there was a plain, adequate and convenient remedy by simple motion in the original suit, no case for injunction was made out.

No Injunction where Motion affords Remedy. As the remedy by injunction has always been denied when there is a plain, adequate and convenient remedy at law, upon analogous principle and stronger reason should it be desired when the end sought may be obtained by mere motion in an action pending.

Justices' Courts—Stay of Execution in Case of Appeal. In case of the due perfection of an appeal from a justice's court to a district court, the justice has the power to stay proceedings under an execution previously issued, and the district court to supersede or stay one issued after such appeal.

Appeal from the District Court of the Seventh Judicial District, Lincoln County.

The tax suits, to restrain the executions in which this action was instituted, were brought in the justice's court for Pioche Township, Lincoln County; and the defendant was sheriff of that county.

*L. A. Buckner*, Attorney General, and *Thomas Wells*, for Appellant.

I. The bill sets forth no sufficient cause for the granting of an injunction. It shows that the judgments had been appealed from.

When the appeals were perfected, if the sheriff had executions the justice would, no doubt, on demand, have issued·a supersedeas; and if not, he could have been compelled to do it. So the parties had a plain, speedy and adequate remedy by their appeals. Practice Act, Sec. 585; 4 Cal. 177; 7 Cal. 276; 30 Cal. 325; 32 Cal. 265.

*Pitzer & Corson* and *G. S Sawyer*, also for Appellant.

*J. C. Foster* and *W. W. Bishop*, for Respondent.

The object of the action is to restrain defendant from selling plaintiff's property until a test case is decided. The complaint shows that an appeal was·taken and perfected, and a bond filed to stay execution; that afterwards the justice issued execution, and a sale was about to be made, which would create a cloud on the title of plaintiff. The object is to prevent the creation of this cloud, to stop and end great and onerous litigation and a multiplicity of trials.

Courts of equity often interfere with suits at law by injunction, for the purpose of preventing or stopping useless litigation. Willard on Injunctions, 273; *Woodruff* v. *Fisher*, 17 Barb. 224; *Crew* v. *Burnham*, 1 Black. 352; *Key* v. *Munsell*, 19 Iowa, 305; *Matheny* v. *Golden*, 5 Ohio St. R. 361; *De Bauer* v. *The Mayor*, 16 Barb. 392; *Von Schmidt* v. *Huntington*, 1 Cal. 55; *People* v. *Stratton*, 25 Cal. 244; *People* v. *Merrill*, 26 Cal. 337.

By the Court, LEWIS, C. J.:

Several actions were brought by the state in a justice's court, for the purpose of recovering taxes alleged to have been levied and assessed, but remaining unpaid. The defendant in each case appeared, answered and moved a transfer of the cases to the district court, under Section 33, page 287, (Stats. of 1864–5) which declares that " if it appear on the trial of any action commenced in a justice's court under the provisions of this act that the legality of any tax or assessment levied hereunder is involved therein, the justice shall immediately make an entry thereof in his docket, and cease all further proceedings in the case; and shall immediately certify and return to the district court of the county a transcript of all the entries made in his docket relating to the case, together with all the pro-

cess and other papers relating to the suit, in the same manner as an appeal.   Thereupon the district court shall proceed in the case to final judgment and execution, the same as if the said suit had been originally commenced therein."   The justice denied the motion, and rendered judgment in each case against the defendants respectively,·from which an appeal was taken to the district court. But it appears execution was issued by the justice, and the defendants, apprehending a levy and sale of property thereunder, began this suit, for the purpose of obtaining an injunction restraining the defendant from proceeding under the writs.   A general demurrer to the complaint was filed and overruled, and upon the defendant failing to answer, an injunction was issued, from which this appeal is taken.

The complaint does not state whether the executions were issued by the justice before appeals were taken or not, nor is there any showing that an effort has been made to have a stay of proceedings upon them by motion to the court issuing them, or the district court to which the appeals were taken.   The injunction is sought to restrain any levy and sale under the executions until the determination of the appeals in the tax suits.   Now the courts have always denied the remedy by injunction when there was a plain, adequate and convenient remedy at law.   Upon analogous principles and stronger reason should it be denied when the end sought by it may be obtained by a mere motion in an action already pending.

But in this case, if the executions were issued by the justice before the bonds on appeal were given, then a motion should have been made before the justice, when filed, to stay further proceedings upon them.   If issued afterward, the matter was under the control of the district court, and an application on motion of a similar character should have been made to that tribunal.   If a bond, as required by the statute for the stay of execution, were given when the appeal was taken, it must be presumed the justice would at once order a stay of proceedings upon the executions previously issued by him upon mere suggestion.   And so if issued afterward, undoubtedly the district court, which, after·appeal, had complete jurisdiction of the case and control of the judgment, would have issued if not a supersedeas, at least an order staying

proceedings, thus rendering a new suit and injunction entirely un-
necessary. When the injunction is sought as auxiliary to an action
already commenced, and the end to be obtained by it can be as
completely accomplished by motion upon the clearest principles of
equity practice, a new suit instituted simply for such injunction
cannot be sustained. To allow it would be to encourage useless
litigation and unnecessary expense. As the plaintiffs could have
obtained complete relief and protection from the threatened injury
by motion in the actions in which the appeals were taken, this suit
was entirely unnecessary. These essential facts appearing by the
complaint, the demurrer should have been sustained. The judg-
ment below must therefore be reversed. It is so ordered.