### BARSTOW et al. v. BECKET et al.

(Circuit Court, E. D. Georgia, S. D. October 6, 1899.)

INJUNCTION—TEMPORARY RESTRAINING ORDER—GROUNDS FOR GRANTING.
   Under Rev. St. § 718, which authorizes a federal court or judge to grant a temporary restraining order pending the hearing of a motion for injunction, "if there appears to be danger of irreparable injury from delay," such an order should not ordinarily be granted to prevent defendants from conveying lands described in the bill, the purpose of which is to vacate alleged fraudulent deeds to such lands, and as to which the filing of the bill operates as a lis pendens.

In Equity. On motion for a temporary restraining order.

Hugh V. Washington, for the motion.

SHELBY, Circuit Judge. The bill shows that the several complainants are heirs at law of Elias B. Barstow, deceased, who died intestate in 1898. While in life he was seised and possessed of several tracts of land, which are the subject of the suit. The bill shows that his estate is entirely solvent. It is alleged that during his lifetime several of the defendants conspired to obtain this land by fraudulent means. E. B. Barstow was very old and infirm, and it is alleged that he was non compos mentis. The bill alleges at length a combination and conspiracy to obtain the property at its sale under execution at a grossly inadequate price. It is alleged that some of the defendants who did not participate in the fraud have become purchasers of portions of the land with knowledge of the facts. The bill contains an offer to do equity by paying anything that may be justly due on the judgments under which the lands were sold, and prays for an account of rents and profits, and for cancellation of the several conveyances. It will be seen by these averments that the complainants are claiming the real estate as heirs at law of E. B. Barstow, and seeking to remove a cloud upon their title. There is also a prayer that the defendants be restrained from alienating or incumbering the lands pending this suit, and a prayer for a permanent injunction restraining them from setting up a claim or bringing any action of law or suit in equity, under the said conveyances, to recover the said lands. The substance and purpose of the bill is to vacate and avoid the fraudulent deeds. The case is now submitted only on a motion for a restraining order as prayed for in the bill. The sworn bill containing these averments is submitted to the court to sustain the motion.

Section 718 of the Revised Statutes is as follows:

"Whenever notice is given of a motion for an injunction out of a circuit or district court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion; and such order may be granted with or without security, in the discretion of the court or judge."

It will be observed from the language of this section that the court is authorized to grant the restraining order prayed for only in cases where there appears to be danger of irreparable injury from delay. In such cases it is proper that the court should grant an order restraining the acts sought to be enjoined until the decision upon the motion for the injunction. The complainants in this case pray that the defendants be restrained from conveying or incumbering the real estate, which is fully described in the bill. The filing of the bill in this case will create a lis pendens as to the property described in it. If any one purchases the real estate, or any part of it, involved in the suit, while it is pending, the purchase will be subject to the result of the suit. If the complainants succeed in obtaining the decree prayed for on final hearing, the decree will be conclusive against such purchaser. Relief by restraining order, as here prayed for, against the transfer of real estate by the defendants, should, we think, ordinarily be refused when the effect of filing the bill operates as lis pendens so as to afford sufficient protection

against the transfer of the property pendente lite. High, Inj. (2d Ed.) § 333; Smith v. Malcolm, 48 Ga. 343; Powell v. Quinn, 49 Ga. 523. For these reasons the motion to grant the restraining order is overruled, and decree will be entered accordingly.