## WEAVER v. RICHARDSON.
### (No. 709.)

APPEAL AND ERROR—ORDER DENYING TEMPORARY INJUNCTION—REVIEW—RESTRAINING ORDER BY APPELLATE COURT PENDING PROCEEDING IN ERROR—JURISDICTION—INJUNCTION PENDENTE LITE—DISCRETION OF COURT—REVIEW—PRESUMPTION AS TO GROUND FOR DENIAL OF TEMPORARY INJUNCTION—RIGHT OF DEFENDANT TO INJUNCTION PENDENTE LITE—PLEADINGS—ANSWER DEMANDING AFFIRMATIVE RELIEF—EJECTMENT—INJUNCTION TO PROTECT POSSESSION OF VENDEE UNDER CONTRACT OF SALE PENDING ACTION FOR SPECIFIC PERFORMANCE.

1. An order granting or refusing an injunction as a provisional remedy in a pending cause is an order affecting a substantial right in a special proceeding, and therefore a final order subject to review on error.

2. After the commencement of a proceeding in error to review an order denying a motion for injunction *pendente lite* the Supreme Court is authorized to issue a restraining order pending the proceeding in error.

3. The granting or refusing of an injunction *pendente lite* is a matter resting largely in the discretion of the court, to be exercised so as to prevent injury, considering the situation of the parties, and the appellate court will not interfere with or control the action of the court below in such case, unless it has been guilty of a clear abuse of discretion; abuse of discretion, within the meaning of that rule, meaning an error of law committed by the court.

4. Where the defendant in an action for the recovery of land claimed under an alleged contract of sale and asked for its specific performance and moved for an injunction *pendente lite* to prevent plaintiff from forcibly removing defendant and her property from the premises, *Held,* that

the exclusion of evidence relating to the contract of sale as immaterial on the hearing of the motion for the injunction rendered it proper to assume that such motion was not denied on the ground that defendant's claim appeared to be doubtful.

5. Defendant's answer in an action for the recovery of land which demands judgment for damages for the breach of an alleged contract for the sale of the premises, or, in the alternative, for specific performance of the contract, is in that respect an answer in the nature of a counter-claim under the code and entitles the defendant to apply for an injunction *pendente lite* to protect his possession; and it is immaterial that the part of the answer setting forth the facts upon which the affirmative relief is demanded is not styled a cross-petition or named a counter-claim.

6. A defendant in an action for the recovery of land, upon filing an answer in the nature of a counter-claim or cross-petition praying for specific performance of an alleged contract for the sale of the premises is entitled to have his possession protected by an injunction pending the action.

7. In an action for recovery of land in which the defendant asked for specific performance of an alleged contract for a sale of the premises and moved for an injunction to protect her possession *pendente lite, Held,* that the motion was improperly denied, where the effect of such denial was to recognize a right in the plaintiff to retake the property in controversy by force, and to continue to enjoy, as a result of that act, what rightfully belonged to the defendant, if the allegations of the answer were true.

[Decided June 2, 1913.]                    (132 Pac. 1148.)

ERROR to the District Court, Albany County, HON. CHARLES E. CARPENTER, Judge.

The action was brought by Annie F. Richardson against Adelaide J. Weaver to recover possession of certain real estate. It was alleged in the answer as a separate defense that the plaintiff and defendant had entered into an agreement for the sale of the premises by the plaintiff to the defendant and that defendant should take immediate possession of the premises, and the prayer was for judgment for damages for the failure of the plaintiff to comply with the contract, or, in the alternative, for specific performance thereof.

A motion of the defendant for an injunction to protect her possession pending the action was denied, and from such order denying the injunction the defendant brought error. The other material facts are stated in the opinion.

*N. E. Corthell* and *V. J. Tidball,* for plaintiff in error.

Although a party is not entitled to an injunction in a case of a single trespass unaccompanied by force or involving any other element of equitable jurisdiction, it is well established that injunction is an appropriate remedy for a trespass committed with force, or for a continuing trespass or repeated trespasses. (Martin v. Sheep Co., 12 Wyo. 432; 3 Pomeroy's Eq. Juris. 1357; 1 High on Inj. 356; 28 Ency. Law, 595; R. R. Co. v. Fiske, 123 Fed. 760; King v. Stuart, 84 Fed. 546; Nichols v. Jones, 19 Fed. 855; Smith v. Bivens, 56 Fed. 352; Ry. Co. v. McConnell, 82 Fed. 65; Tie Co. v. Stone, (Mo.) 117 S. W. 604; O'Brien v. Murphy, (Mass.) 75 N. E. 700; Pollock v. Ship Bldg. Co., 56 O. St. 655; 47 N. E. 582; Wilson v. Harrisburg, (Me.) 77 Atl. 787; Rhoades v. McNamara, (Mich.) 98 N. W. 392.) The right to the remedy is incidental to possession. (38 Cyc. 1014, 1018-1019; Tobin v. French, 93 Ill. App. 18; Holland v. San Antonio, (Tex.) 23 S. W. 756; Beaufort Land & I. Co. v. Lumber Co., (S. C.) 68 S. E. 637; Kellogg v. King, (Cal.) 46 Pac. 166; La Chapelle v. Bubb, (Wash.) 69 Fed. 481.) This remedy is peculiarly applicable for the purpose of preserving the condition of the title and occupancy pending litigation. (22 Cyc. 821; Cohen v. Delavina, 104 Fed. 946; Newton v. Levis, 79 Fed. 715; R. R. Co. v. U. S. 124 Fed. 156; Ry. Co. v. Carolina C. & I. Co., 151 Fed. 477.) It has frequently been granted to protect the rights of a party in possession under a contract of sale. (Hadfield v. Skelton, 66 Wis. 634, 29 N. W. 639; Hornung v. Herring, 74 Neb. 637, 104 N. W. 1071; Carter v. Warner, 2 Neb. 688, 89 N. W. 747.) And in cases to protect the actual possession of a party against forcible intrusion by another. (Heaton v. Wireman, 74 Neb. 817, 105 N. W.

634; W. U. Tel. Co. v. Ry. Co., 3 Fed. 430; Zimmerman v. McCurdy, (N. D.) 106 N. W. 125.)

In this case the court was proceeding in the usual and ordinary way to determine the facts disputed by the pleadings, and the plaintiff undertook by force to retake possession of the property. It would be difficult to conceive of a stronger case for injunction. (Hinckel v. Stevens, 45 N. Y. Supp. 678; Pokegama S. P. Co. v. Lumber Co., 86 Fed. 528; McHugh v. Bridge Co., (Ky.) 65 S. W. 456.) A party is not deprived of the remedy because the wrongful act has been already committed; the injunction will be mandatory to the extent necessary to restore the status of the parties, and put the injured party in the position occupied before the commission of the wrongful act. (22 Cyc. 742; Clock Co. v. Kochersperger, (Ill.) 51 N. E. 629; Wheelock v. Noonan, 108 N. Y. 179; U. S. v. Brighton Ranch Co., 26 Fed. 218.)

*Frank E. Anderson,* for defendant in error.

Whether a temporary injunction shall be granted, or, having been granted, whether it shall be dissolved, are matters resting in the sound discretion of the court, and that discretion will not be interfered with unless it clearly appears to have been abused. (Collins v. Stanley, 15 Wyo. 282, 88 Pac. 620, 123 Am. St. Rep. 1022; Anderson v. Englehart, 108 Pac. 977; Stowe v. Powers, (Wyo.) 116 Pac. 576; Williams v. Los Angeles R. Co., (Cal.) 89 Pac. 330.) The granting of an injunction is the exercise of original and not appellate jurisdiction. (1 High on Inj., Sec. 42.) A court of last resort is not allowed to enlarge or extend its jurisdiction to the granting of injunctions pending in inferior courts where the power is not granted by the Constitution. (Id.) No injunction had been granted by the District Court, and it is not a writ necessary to the complete exercise of the appellate and revisory jurisdiction of this court. Further, the denial of the injunction was not a judgment or final order of the District Court, and hence this court had no jurisdiction to grant the injunction pending the proceeding in error.

The motion for injunction and the affidavit supporting it are insufficient. There was no supplemental answer or cross-petition filed in the case in the nature of a counter-claim, so as to entitle the defendant to an injunction under the statute. (Comp. Stat. 1910, Sec. 4913.) The pleadings do not show that the defendant counter-claimed for specific performance. It is not sufficient in an application for injunction in case of trespass to allege merely the absence of an adequate remedy at law and that the damage will be irreparable, but facts must be stated to enable the court to determine those matters. (Indian River &c. Co. v. Trans. Co., 28 Fla. 387, 29 Am. St. Rep. 263.) Neither the motion nor the affidavits show that the defendant below had any title, to the property or any right to the possession, nor is it shown that the plaintiff below is unable to respond in damages for the injury complained of. The only allegation tending to show injury is the statement in the affidavit in support of the motion that personal property of the defendant was removed. An injunction will not be granted in the first instance except upon a prima facie case and upon positive averments of the equities of the applicant. (1 High on Inj. Sec. 34; 16 Ency. Law, (2nd Ed.) 360-361; 10 Ency. Pl. & Pr. 951-953; Randall v. Freed, (Cal.) 97 Pac. 669; Tifft Co. v. Med. Inst. (Wash.) 101 Pac. 1081.) It is necessary to warrant the injunction that the title of the applicant be established, or at least a right to possession superior to that of the adverse party, and if the title is in doubt, the injunction, if granted, should be only temporary until the title can be determined at law. (1 High on Inj., Sec. 70; Caldwell v. Bush, 6 Wyo. 342; State v. McGlynn, 20 Cal. 233, 81 Am. Dec. 131.) A mere naked trespasser will not be protected by a restraining order. (Central Trust Co. v. Wabash &c. Co., 25 Fed. 1; Waring v. Munson, 17 N. W. 745; Woodford v. Alexander, (Fla.) 17 So. 658.) The facts given in evidence upon the hearing of the motion did not entitle the defendant to the remedy sought. It is not the function of an injunction to take the premises from the peaceable and quiet possession

of the owner, and place the same in the possession of a mere trespasser. (1 High on Inj. Sec. 355; Williams v. Long, 129 Cal. 229, 61 Pac. 1087; Arnold v. Bright, 41 Mich. 210; 2 N. W. 17; Ry. Co. v. R. R. Co., 61 Mich, 9, 27 N. W. 715; Flood v. Goldstein Co. (Cal.) 110 Pac. 916.) The defendant in error had a right to enter the premises at any time she saw fit, and since she entered them peaceably the possession should not be taken from her by injunction.

POTTER, JUSTICE.

This is a proceeding in error for the review of an order denying a motion for injunction *pendente lite*. The action was brought to recover possession of real esate and damages for withholding the same, and the defendant applied by motion supported by affidavit for an injunction restraining the plaintiff from interfering with the defendant's possession of the property during the pendency of the action. At the time the motion was filed and heard the pleadings in the cause consisted of an amended petition, an amended answer, and a reply. By the amended petition the plaintiff, Annie F. Richardson, alleged that she was the owner of and entitled to the immediate possession of the property, and that the defendant, Adelaide J. Weaver, had unlawfully kept her out of possession and excluded her from the rents, issues and profits of the premises since the 20th day of April, 1910. It was alleged in the amended answer "as a second defense" that on or about October 28, 1909, the plaintiff and defendant entered into an agreement as follows: "Said plaintiff agreed for the sum of $500 to sell said premises, for which this action is brought, to said defendant, and said defendant agreed to purchase said premises for said price. That thereupon said defendant delivered to Adda Ulen, who was the duly authorized agent of both plaintiff and defendant for the purpose of this sale, $20 in escrow as part purchase price of said premises. That by the terms of said agreement the balance of said purchase price amounting to the sum of $480 was to be paid when said plaintiff should furnish a clear title to said premises and execute and deliver a good and

sufficient warranty deed conveying said premises to said defendant, and that said $20 should be held in escrow by Adda Ulen until such time as said deed should be furnished. That it was further agreed between plaintiff and defendant that defendant should take immediate possession of said premises under said agreement and should hold possession thereof until plaintiff should convey said premises to her by said deed above mentioned." It was further alleged that, "thereupon this defendant, relying upon the agreement above set out, without fraud or collusion on her part, and with the full knowledge and consent of plaintiff, and at plaintiff's request, entered into and took quiet and peaceable possession of said premises, believing, because of the representations and promises aforesaid of plaintiff, that she was the owner of said premises; and this defendant has since taking possession of said premises, been in quiet possession thereof and lived thereon, believing them to be her property." That with the knowledge and consent of the plaintiff and without objection on her part the defendant has made various and sundry valuable and lasting improvements upon the property in good faith, of the reasonable value of $206.30; that none of said improvements can be detached from the premises and would be valueless except as used in connection therewith; that the plaintiff has never carried out said contract on her part; that she has never furnished evidence of clear title to the property; and has never made, executed, and delivered any deed conveying the premises to the defendant, to the defendant's damage in the sum of $206.30. It was also alleged that "during all of said time defendant was, and now is, ready and willing to comply with said agreement on her part and to pay the balance of the purchase price for said premises upon the delivery of the deed above mentioned." By said amended answer defendant prayed judgment for the sum of $206.30, "the reasonable value of said improvements, her damages sustained by reason of the failure of the plaintiff to comply with the terms of said contract in defendant's answer, set up or, in the alternative, that the

court order and adjudge that the plaintiff perform the contract specifically by conveying the said property to this defendant upon payment of the residue of the purchase price and for all other proper relief."

The reply admitted that defendant entered into possession of the premises at the time mentioned in the second defense of the answer, and denied each and every other allegation contained in that defense. On December 30, 1911, the cause being then pending and undetermined upon the issues raised by the pleadings, the defendant filed her said motion, supported by her affidavit stating in addition to the fact that the defendant had been in continuous possession since about October 28, 1909, that she had been put in possession by the plaintiff under a contract made between the parties as set forth in the amended answer; that on or about November 25, 1911, the plaintiff wrongfully and unlawfully entered the premises with force, and by intimidation and threats excluded the defendant therefrom, and since said date has wrongfully continued to occupy the premises and to exclude the defendant therefrom; and that the plaintiff intends and threatens to continue her wrongful acts, and by force, intimidation and threats to exclude the defendant permanently from the enjoyment of the premises; and since taking possession of the premises the plaintiff has threatened to remove the defendant's personal property from the premises and unless restrained will remove and destroy defendant's said property. Upon the presentation of said motion it was ordered that it be set down for hearing on January 4, 1912, and that until said hearing and the further order of the court, the plaintiff, her agents, servants, and all persons acting in aid of her, be restrained from removing or in any manner interfering with the personal property of the defendant on the premises in controversy, and that if any of such property shall have been removed by the plaintiff that she forthwith restore the same in the said buildings on the premises; said restraining order to become operative upon the defendant giving a bond in a sum stated in the order.

The plaintiff filed a counter affidavit stating therein that she had never contracted to sell the premises to the defendant; that the latter had unlawfully retained possession until about November 20, 1911, at which time the plaintiff found the premises unoccupied and took peaceable possession thereof. On January 5, 1912, the motion came on for hearing before the District Court and evidence was introduced by both parties. It appears that a house, referred to in the evidence as a hotel, is located on the premises, and it was not disputed that the defendant occupied the house and was in possession of the property from the latter part of October, 1909, until on or about November 25, 1911. What occurred then is stated by defendant in her testimony in substance as follows : That on the morning of that date she went to her ranch, intending to come back the same evening if possible, but was delayed until the next morning. That she left the front door of the house bolted, and all the other doors locked, and when she returned she found the plaintiff in the house, who had entered by pushing the front door away from the bolt, splitting the door in doing so "from the top down." That she asked the plaintiff what she was doing there and what right she had to come there in that way, and that the plaintiff replied, she had every right and was told by her attorney to break in if necessary, and that she would not leave. The defendant further testified that she also remained in the house or occupied a room therein two days, and was then called away on business, and although she went back three times she was not again allowed to enter the house. It seems from the evidence that the plaintiff's personal property had been returned to the house and remained therein. The plaintiff admitted in her testimony that she had gone into the house and taken possession during defendant's absence at the time stated by the defendant, but did not explain how she obtained an entrance. There appears to be some dispute in the testimony as to when and by whom the front door was broken, whether by the plaintiff or by someone assisting her when she entered the house, or by the

defendant, or a man who accompanied her when she returned, but that is immaterial, for it is clear enough that defendant's absence was merely temporary and that she had not vacated or abandoned the premises, and also that the plaintiff used such force as was necessary in gaining an entrance into the house. It appears by the bill of exceptions that at the conclusion of the testimony the court stated that the parties might consider the pleadings in the case and the order dismissing the jury as received in evidence. Thereupon the motion of the defendant for the injunction was denied and the order excepted to.

To reverse the order denying defendant's said motion, a petition in error was filed in this court January 16, 1912, and upon the application of the defendant, after a hearing at which both parties were represented, an order was entered enjoining the defendant in error, plaintiff below, her agents and servants, and all persons acting in aid of her, from trespassing upon or in any manner interfering with the possession of plaintiff in error in and to the premises aforesaid during the pendency of the proceeding in error in this court, upon the plaintiff in error giving an undertaking with sufficient sureties in a stated amount, "conditioned that the said Adelaide J. Weaver shall pay to the said Annie F. Richardson the damages she may sustain if it be finally decided that the injunction ought not to have been granted." It appears that such undertaking was given and filed with the papers in the cause in this court.

1. Counsel for defendant in error contends, *inter alia,* that the order complained of is not reviewable, and that therefore this court is without jurisdiction in the matter and was also without jurisdiction to issue the restraining order pending the proceeding in error. But in Anderson v. Englehart, 18 Wyo. 196, 105 Pac. 571, Ann. Cas. 1912c, 894, upon a full consideration of the question, such an order was held to be reviewable. And therefore the order of this court granting the injunction during the pendency of the proceeding in error was authorized by that provision of the Consti-

tution conferring upon the court the power to issue writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. (Const., Art. V, Sec. 3.) It was held in the case cited that an order granting or refusing an injunction as a provisional remedy in a pending cause is an order affecting a substantial right in a special proceeding, and therefore a final order subject to review on error, and it was said: "Although injunction allowed as a provisional remedy is collateral to the pending cause, it is nevertheless a proceeding in that cause, and after a hearing upon an application for such remedy, or on a motion to dissolve, the order which disposes of the application or motion, and grants or denies it, is final, so far as that particular proceeding is concerned, and settles the right to the provisional remedy, until at least another hearing upon a renewal of the application or motion."

2.    The granting or refusing of an injunction *pendente lite* is a matter resting largely in the discretion of the court, to be exercised so as to prevent injury, considering the situation of the parties. (Collins v. Stanley, 15 Wyo. 282, 88 Pac. 620, 123 Am. St. Rep. 1022.) And the Appellate Court will not interfere with or control the action of the court below in such case unless it has been guilty of a clear abuse of discretion. By abuse of discretion within the meaning of that rule is meant an error of law committed by the court. (Anderson v. Englehart, 18 Wyo. 409, 108 Pac. 977.) In Joyce on Injunctions (Vol. 1, Sec. 118), it is said: "Sound discretion consists in an observance of the rules and considerations which have generally guided the courts in granting preliminary injunctions. In any given case such discretion is shown in the steady judgment with which the judge applies the general rules to the particular facts with which he has to deal. The granting of an injunction is matter of grace in no sense except that it rests in the sound discretion of the court, and that discretion is not an arbitrary one. If improperly exercised in any case, either in granting or refusing it, the error is one to be corrected on appeal. Such

discretion will often be influenced by a consideration of the relative injury and convenience likely to result to the parties from granting or refusing the injunction." As above recited it appears in the bill of exceptions that the court announced at the conclusion of the testimony that the pleadings in the cause and the order of the court dismissing the jury would be considered as received in evidence. The pleadings above referred to are in this record, but we do not find in the bill, or in the record proper, any order dismissing a jury in the cause prior to the hearing upon this motion, although there is in the record what purports to be a certified copy of all the journal entries in the cause. Whether, therefore, such an order, if any was made, could have materially affected the decision of the court in denying the motion, does not definitely appear. If there had been a trial of the cause and it appeared that the only facts in dispute upon the trial were those set up in the second defense of the answer above referred to, and the jury had disagreed and had been dismissed for that reason, the court might, perhaps, have considered the order of dismissal under such circumstances as showing the defendant's claim to be doubtful. But it is shown by the bill of exceptions that evidence relating to the contract of sale alleged in the answer was excluded as immaterial upon the hearing of the motion, and we think it proper, therefore, to assume that the motion was not denied upon the ground that defendant's claim appeared to be doubtful. Moreover, it does not appear that if there was a former trial resulting in the disagreement of the jury the pleadings were the same upon that trial as they appear in this record.

The code provides that the injunction provided thereby may be the final judgment in an action, or may be allowed as a provisional remedy, and that when so allowed it shall be by order. (Comp. Stat., 1910, Sec. 4897.) It is provided in Section 4898 that when it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission

or continuance of some act, the commission or continuance
of which, during the litigation would produce great or ir-
reparable injury to the plaintiff, or when, during the liti-
gation, it appears that the defendant is doing, or threatens,
or is about to do, or is procuring or suffering to be done,
some act in violation of the plaintiff's rights, respecting the
subject of the action, and tending to render the judgment
ineffectual, a temporary order may be granted restraining
such act.   And by Section 4913, found in the same chapter
of the code, it is provided that a defendant may obtain an
injunction upon an answer in the nature of a counter-claim,
and that he shall proceed in the same manner prescribed in
that chapter.   A defendant may set forth in his answer as
many grounds of defense, counter-claim, and set-off as
he has, whether they are such as were formerly denom-
inated legal or equitable, or both.   (Comp. Stat., Sec. 4390.)
And the counter-claim thus permitted must be one arising
out of the contract or transaction set forth in the petition
as the foundation of the plaintiff's claim, or connected with
the subject of the action.   (Id. Sec. 4391.)   When affirma-
tive relief is demanded in an answer it may be styled cross-
petition.   (Id. Sec. 4378.)   The answer in this cause de-
mands affirmative relief, viz: judgment for damages for
breach of the contract alleged, or in the alternative, for spe-
cific performance of the contract.   In that respect it is an
answer in the nature of a counter-claim under the code.
(Bliss on Code Pl., 2nd Ed., Sec. 368; Pomeroy's Rem.,
Secs. 737, 742; G. & H. Mfg. Co. v. Hall, 61 N. Y. 226, 19
Am. Rep. 278.)   And it is immaterial that the part of the
answer setting forth the facts upon which the affirmative
relief is demanded is not styled a "cross-petition," or named
a "counter-claim."   (Klonne v. Bradstreet, 7 O. St. 323;
Bartholomew v. Lutheran Church, 35 O. St. 567; Pome-
roy's Rem., Sec. 748.)   "It must be indicated that a coun-
ter-claim or set-off is intended, either by naming the plead-
ing or praying affirmative relief or both.   *   *   *   If the
facts are stated it is immaterial whether the plaintiff call

his pleading a defense or a counter-claim; the use of the right term is immaterial; the facts determine the character." (1 Bates Pl. Pr. Par. & F. 386.) In Klonne v. Bradstreet, *supra*, the court say: "If, on inspection of a defendant's answer, it shall be found to contain a prayer for judgment, and the necessary averments to show the party's right to relief, under the proceedings instituted against him, the court will not require the filing of a cross-petition, in form, but will treat such answer as equivalent to a petition of that kind, and grant whatever relief the party may show himself entitled to receive."

If the facts alleged in the answer as to a contract for a sale of the premises to the defendant and the latter's possession under that contract are true, then the plaintiff could not maintain her action for possession, and the defendant would be entitled to enforce specific performance of the contract. "Ejectment is not maintainable by a vendor against his vendee in possession under an executory contract of sale who is not in default in the performance of his contract, or who has performed it and is in a position to demand a deed, or who seasonably and in good faith offers to comply with the terms of his purchase, and continues ready to comply with them. To a vendee in possession under such circumstances the contract will avail him as a defense to an action of ejectment, or as a cross-action in equity to enforce a trust against his vendor, or to obtain a specific enforcement of the contract." (2 Warvelle on Vendors, Sec. 886.) And a vendee who is in peaceable possession under his contract is entitled to an injunction to protect his possession pending his action for specific performance. (1 High on Inj., 4th Ed., Sec. 356; Hadfield v. Bartlett, 66 Wis. 634, 29 N. W. 639; Doane v. Allen (Mich.), 138 N. W. 228.) In Hadfield v. Bartlett the court say: "Most clearly the defendant did a great wrong in intruding into the possession of said barn and premises after commencement of the suit for specific performance of the contract. The merits of that suit cannot be determined on this ap-

peal. * * * What the plaintiff may be able to prove on the trial cannot yet be known. It would seem to have been a most proper case where the matters ought to have remained *in statu quo* after the suit was brought until its determination." (See also Glasco v. Sch. Dist., 24 Okl. 236, 103 Pac. 687.)

We think it apparent that upon the answer in the nature of a counter-claim or cross-petition praying for specific performance, the defendant would be entitled to have her possession protected by injunction pending the action, the same as a plaintiff in her situation who brings an action for specific performance. (Johnson v. Hall, 83 Ga. 281, 9 S. E. 783; Horton v. White, 84 N. C. 297.) In the case last cited, the plaintiff brought an action for the recovery of land claiming to be the owner thereof. The answer denied plaintiff's allegations of title, and averred title in some of the defendants, and that the others were tenants under them. While the action was pending the plaintiff, through an agent, entered into and took possession of an unoccupied house on the premises in controversy, and resisted the reoccupation thereof by the defendants. Thereupon the defendants applied for and obtained a temporary restraining order against further interference by the plaintiff until the hearing of the case upon its merits. On appeal the granting of the restraining order was sustained.

Upon the pleadings and the evidence taken at the hearing of the motion a very proper case was presented for an injunction, and we are unable to see any substantial reason for a denial thereof, or to say that the discretion of the court was properly exercised in refusing it. The plaintiff would have been protected by bond, and a refusal to protect the alleged right of the defendant until the matter in dispute could be determined in the pending action would seem to recognize a right in the plaintiff to retake by force the property in controversy, and to continue to enjoy as the result of that act what rightfully belonged to another, if the allegations of the defendant's answer are true. It was

said by Judge McCrary, in a case where an injunction was granted to prevent the forcible seizure of property in violation of the terms of a contract which the defendants claimed to be void: "If they have the right to seize this property by force, upon the ground that they hold the contract void, according to the same reasoning the plaintiff would have the right to adjudge the contract valid, and by force retake the property. In other words, force and violence would take the place of law, and mobs would be substituted for the process of courts of justice. * *. * Such a doctrine, if recognized by the courts as a proper mode of adjusting disputes concerning property rights, would lead at once to anarchy." (W. U. Tel. Co. v. St. J. & W. Ry. Co., 3 Fed. 430, 434.) We know, of course, that upon a subsequent trial of the cause the plaintiff recovered a verdict and judgment, for an appeal was taken from the judgment resulting in its reversal. (Weaver v. Richardson, 129 Pac. 829.) That appeal and this were submitted at the same time, but when deciding the former we inadvertently neglected to dispose of this appeal from the order denying the injunction. Our conclusion is that prejudicial error was committed by the denial of the defendant's motion. The order will be reversed, and the District Court directed, if there has not been a final disposition of the cause, to enter the proper order restraining the plaintiff below from interfering with the possession of the defendant during the pendency of the action and until the respective rights of the parties are determined therein, upon the giving of an undertaking or bond as provided by statute in an amount to be fixed by said court deemed sufficient to protect the interest of the plaintiff if she shall finally succeed in the action.

SCOTT, C. J., and BEARD, J., concur.