ZANDER et al. v. PHILLIPS.

(Circuit Court of Appeals, Fifth Circuit. March 10, 1914.)

No. 2577.

1. INJUNCTION (§ 1*)—REMEDY.
    Injunction in equity is an extraordinary remedy, and is granted only where it is necessary to protect the rights of litigants.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. QUIETING TITLE (§ 32*)—INJUNCTION—RIGHT TO WRIT—LIS PENDENS.
    Since, under the doctrine of lis pendens, the filing of a suit to remove a cloud on title to certain real property described in the bill by the cancellation of certain deeds would prevent a transfer of the land pendente lite by the defendant, except subject to complainant's rights under the bill, he was not entitled to an injunction restraining defendant from transferring the land pendente lite, and this notwithstanding complainant failed to file notice, to be recorded in the mortgage office of the parish where the property was situated, as required to effect the lis pendens by Act No. 22 of 1904.
    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 68; Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Bill by Charles Phillips against Henry L. Zander and others. From a decree overruling a demurrer to the bill and granting a preliminary injunction as prayed, defendants appeal. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wm. Winans Wall, of New Orleans, La., for appellants.

John Dymond, Jr., A. Giffen Levy, and E. Lloyd Posey, all of New Orleans, La., for appellee.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

SHELBY, Circuit Judge. Bill in equity by Charles Phillips, a citizen of Illinois, against the board of commissioners for Lafourche Basin levee district, and six others, all citizens of Louisiana, in which Phillips, the plaintiff (appellee here), seeks to remove a cloud from title to certain real estate described in the bill, by the cancellation of deeds, and in which he also prays for an injunction pendente lite enjoining the defendants (appellants here) from selling, transferring, or in any manner disposing of the real estate described in the bill. A decree was rendered in the court below, overruling a demurrer to the bill and granting a preliminary injunction as prayed for. From this decree an appeal is taken to this court under the act allowing appeals from decrees granting injunctions pendente lite.

The only question necessarily before us by the appeal is whether or not the injunction should have been granted. We do not consider any other question.

[1, 2] The remedy by injunction in equity is an extraordinary remedy, and, of course, is granted only in cases where it is necessary to protect the rights of litigants. The bill fully describes the land in controversy, and all persons interested in the litigation are made parties. It is clear that the filing of the bill, under the rule as to lis pendens, charges with notice any one who may purchase any interest in the real estate after suit brought, and that a purchaser or incumbrancer, pending the suit, would take whatever interest he obtained, subject to the result of the suit. As a general rule, relief by injunction against a transfer of real estate by defendant which the plaintiff seeks to prevent will be refused when the effect of filing the bill, which operates as lis pendens, is to afford sufficient protection against the transfer of the property pendente lite. 1 High on Injunctions (2d Ed.) § 333; Powell v. Quinn et al., 49 Ga. 523, 529; Smith v. Malcolm, 48 Ga. 343. If the plaintiff succeeds in obtaining a decree on final hearing, it will be conclusive against any one who may purchase pending the suit. Barstow v. Beckett (C. C.) 110 Fed. 826, 827. We find nothing in this case to take it out of the general rule indicated.

On the argument of the case it was suggested that the doctrine of lis pendens was limited by Act No. 22 of 1904. Merrick's Revised Code of Louisiana (2d Ed.) page 748. The act, in brief, requires notice of the pendency of a suit, in order that it may operate as notice to third persons not parties, to be recorded in the mortgage office of the parish where the property to be affected is situated. Assuming, but not deciding, that this act would be applicable to, and that it could limit the effect of, suits pending in the federal equity courts, we see no reason why the notice may not be so recorded in conformity with the act. We do not think the failure of the plaintiff to comply with the statute would in any way add to his equitable right to an injunction.

It was also suggested that the injunction did the defendants no injury, since the lis pendens had the same effect as the injunction. But the lis pendens would not prevent the defendants from dealing with the property subject to the result of the suit, whereas the injunction prevents them from transferring their interests subject to the suit.

There may be other grounds that would have justified or required a refusal to grant the injunction and make it error to have granted the same, but we do not deem it necessary to consider them on this appeal.

The part of the decree granting the injunction is reversed.