OLIVER M. OLSON and VIDA L. OLSON, Husband and Wife; EARL H. ZIMMERMAN and ORA L. ZIMMERMAN, Husband and Wife; FREDERIC V. SMALL and BERNICE SMALL, Husband and Wife,

*Plaintiffs and Respondents,*

vs.

WILSON R. LEITH,

*Defendant and Appellant.*

(No. 2596; May 19th, 1953; 257 Pac. (2d) 342)

For the defendant and appellant the cause was submitted upon the brief and also oral argument of C. E. Lane of Cheyenne, Wyoming.

For the plaintiffs and respondents the cause was submitted upon the brief and also oral argument of Ray E. Lee of Cheyenne, Wyoming.

## OPINION

PER CURIAM.

This is an action for an injunction and for other equitable relief brought on October 26, 1951. The allegations of the petition are in substance as follows: On and prior to July 28, 1927, Donald Leith and Leonard Leith were the owners of the North Half of Section 18, Township 16 North, Range 66 West of the 6th P.M., and the North Half of Section 24, Township 16 North, Range 67 West of the 6th P.M., situated in Laramie County, Wyoming. On the date mentioned,

these owners executed to R. B. (Russell B.) Davis a note for $1,500 secured by a mortgage on the foregoing premises, which mortgage was duly recorded and contained the ordinary power of sale. This mortgage was assigned to Chas. H. Wunnicke on February 21, 1944, and the assignment was duly recorded. The note and mortgage not having been paid, the latter was, after legal notice, duly foreclosed and sold to Wunnicke on April 7, 1944, and a certificate of sale and a sheriff's deed were duly issued to him. By mesne conveyances, the property was duly conveyed to the plaintiffs herein, who are now the owners thereof. On January 22, 1942, Donald Leith undertook to mortgage the whole of the property to the defendant Wilson R. Leith, the mortgage securing the payment of $3,500. On July 18, 1950, the plaintiffs herein commenced an action against Donald, Leonard and Wilson R. Leith to quiet the title to the property in controversy. Wilson R. Leith appeared in that action claiming to have a first mortgage on the property for $3,500, asking that the petition of the plaintiffs be denied and that he be authorized to foreclose his own mortgage. Without waiting for any order of the court and on September 28, 1951, defendant commenced to foreclose his mortage by advertisement, and unless enjoined, it will be necessary for plaintiffs to bring another action to quiet title whereas "the aforesaid action which is pending will conclusively determine the question of whether or not the said defendant Wilson R. Leith has a valid and subsisting mortgage as alleged by him and will settle the question which he has asked this court to adjudicate in the aforesaid action." Plaintiffs have no means to protect themselves against the threatened foreclosure of defendant unless he be enjoined. The prayer of the petition is as follows:

"WHEREFORE, plaintiffs pray that the court forth-

with hear this action and evidence in support thereof and make and enter a temporary restraining order enjoining and restraining said defendant, his agents, attorneys and representatives, from causing said premises to be sold pursuant to said notice of foreclosure sale pending the formation of the issues in this action, and that upon final hearing herein the court permanently enjoin and restrain the said defendant Wilson R. Leith from foreclosing or attempting to foreclose the mortgage which he holds and which is described in this petition on the grounds and for the reason that his attempted foreclosure is invalid and for the further reason that the foreclosure of the first mortgage on said premises has discharged the lien of the alleged mortgage of said Wilson R. Leith and said plaintiffs are entitled to have their title against said alleged mortgage forever quieted and set at rest. Said plaintiffs pray for such other, additional and different relief in the premises as may to the court seem just and proper."

Defendant appeared in the case and in his answer admitted that Donald Leith and Leonard Leith owned the property as mentioned in the petition, and that they mortgaged it to R. B. Davis as alleged and further that the mortgage to defendant was given and that he started to foreclose it as stated in the petition herein. He further alleged the various matters of alleged fraud set out in the case of Wunnicke v. Leith, 61 Wyo. 191, 157 P. (2d) 274, the details of which need not be mentioned again in this opinion. The gist of these allegations is that Wunnicke fraudulently acquired a note for $1,294.30 which belonged to the Frank A. Roedel estate; that he sued thereon and obtained a judgment thereon which was entered by the clerk of the district court; that the judgment was void and was so held in Wunnicke v. Leith, supra; that Wunnicke caused

an execution to be issued on that void judgment and caused the land to be advertised for sale; that the property was sold for $3,675, made up thus: The assumption of the first mortgage of Russell B. Davis; the assumption of the second mortgage in favor of the Federal Land Bank Commissioner in the sum of $777 and the balance of said bid, to-wit $1,698 to be applied on the judgment of plaintff upon which the execution was issued; that Wunnicke obtained certain advantages by reason of the void judgment, consisting of the eviction of the Leiths from the premises, preventing an injunction in the action for forcible entry and detainer action for the possession of the property in controversy and having an injunction in the Federal court in connection with the bankruptcy proceedings of the Leiths released; that by reason of these facts, Wunnicke was bound by his assumption of the Davis mortgage and the plaintiffs are equally bound as having notice of the proceedings; that plaintiffs have never tendered to the defendant any amount under his mortgage, and that his mortgage is a good and subsisting lien on the property. Defendant also interposed several demurrers, one of which will be mentioned hereafter. A cross petition was interposed based on the same facts as alleged in the answer. Damages in the sum of $1,000 were asked, and defendant prayed that the injunction herein issued be dissolved and for other equitable relief.

A temporary injunction was issued to restrain the defendant from foreclosing his mortgage. After trial of the case, without a jury, the injunction was made permanent and the title to the property in controversy was quieted in the plaintiffs against any claim of the defendant. From that judgment defendant Wilson R. Leith has appealed.

1. The main contention, repeatedly stated in the

answer of defendant and in his brief, appears to be that since Wunnicke, the predecessor in interest of the plaintiffs, assumed the R. B. Davis mortgage when the sale was made under the void judgment heretofore mentioned, and since he gained some advantages under that void judgment, therefore he should be bound by that assumption of the Davis mortgage, and that hence the mortgage of the defendant is the first lien on the property in controversy. Counsel for the defendant has unfortunately either not investigated the authorities or, after investigation, has found none to support his contention. At least he has cited none. We have attempted to find some authority to sustain that contention, but have found none. In Wunnicke v. Leith, supra, which deals with the void judgment here in question, we cited 31 Am. Jur. 91, § 430, which states the effect of a void judgment as follows: "A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid. In other words, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It, accordingly, leaves the parties litigant in the same position they were in before the trial." According to this authority then, a void judgment cannot impair any rights, and all proceedings thereunder are invalid. The assumption of the R. B. Davis mortgage was a part of the proceedings under the void judgment and hence was invalid the same as any other part of the proceedings.

Counsel have cited us to no authority that the fact that Wunnicke received some advantage under the void judgment—for instance that he ousted the Leiths from the possession of the property in controversy—alters the conclusion above mentioned. We might say in this connection that counsel for defendant contends that inasmuch as plaintiffs filed no reply to the answer, defendant was entitled to judgment herein. However, the gist of the defendant's answer consists of the contention that plaintiffs are bound by the assumption of the Davis mortgage by Wunnicke. Whether or not that contention is valid is, under the facts pleaded, a question of law so the answer did not need a reply.

2. Counsel for appellant asserts that the court was without jurisdiction to issue the temporary injunction herein. Counsel's assertion is not supported by any authority cited by him. We are not prepared to hold that the court was without jurisdiction. It is held that a court of equity has power to issue a temporary injunction and to maintain the status quo of the property in controversy when an action to quiet title is brought. 74 C.J.S. 73, § 51. See also 43 C.J.S. 520, § 56 (c). So the question involved does not appear to be a jurisdictional one. Whether or not it is proper to issue such temporary injunction in a particular case is another question. Injunction is an extraordinary remedy, and so it has been held that if an action operates as lis pendens, a party is not entitled to a temporary injunction. Zander v. Phillips, (5th Circuit) 213 F. 29; Belmont Mining and Milling Co. v. Costigan, 21 Colo. 471, 42 P. 647; High on Injunction, 4th Ed. § 333; 74 C.J.S. 73, note 72; 43 C.J.S. 521. It is further held that an action to quiet title operates as lis pendens to prevent the acquisition of adverse interest against the plaintiffs. 54 C.J.S. 582, 30 C.J.S. 565, note 61. Section 3-907, W.C.S. 1945, provides: "When the

summons has been served, or publication made, the action is pending, so as to charge third persons with notice of its pendency; and while pending, no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title." However, this court has held that an order issuing a temporary injunction is appealable. Weaver v. Richardson, 21 Wyo. 343, 132 P. 1158; Anderson v. Englehart, 18 Wyo. 196, 105 P. 571. If accordingly, an appeal had been taken from the order issuing a temporary injunction, we might, if Zander v. Phillips, supra, is controlling, have reversed the order. But no such appeal was taken and so the defendant cannot now complain. Furthermore, it has been held that when the order of the court is a remedial process, and is followed by judgment in favor of the prevailing party, the appellate court will not reverse the propriety of the order. Davies v. Ramsdell, 40 Cal. App. 432, 183 P. 720, and cases cited.

3.   Demurrer that another action is pending.

Plaintiffs, as heretofore stated, alleged in the petition of the instant action, that they had commenced an action to quiet title to the premises in controversy, and that the defendant appeared in that action claiming that his mortgage was the first lien on the premises; that the action "will conclusively determine the question of whether or not the said defendant Wilson R. Leith has a valid and subsisting mortgage as alleged by him." Defendant in the instant case demurred to the petition "on the ground and for the reason that there is another action pending between the same parties for the same cause." The record fails to disclose that this demurrer was ever ruled on, or that the defendant insisted upon a ruling thereon. It is stated in 4 C.J.S. 654, § 321 (a) : "Generally, if a party, who has filed a demurrer or exceptions to the pleadings, fails to obtain a ruling of the trial court thereon, he cannot

rely upon the demurrer or exceptions in the appellate court nor object on the ground that no formal disposition was made thereof." That rule applies here.

It does not appear herein what became of the action to quiet title. It had two parties as defendants aside from Wilson R. Leith, defendant in the instant case. It may be that the demurrer herein was not valid for that reason also. 1 C.J.S. 87. There is some doubt on that point, since it is not necessary that the identical relief should be asked or given as to all the various parties in an action to quiet title (see 30 C. J. S. 700-702, §§ 251-256), and we should perhaps not leave the matter without some elucidation.

In one aspect at least, the aim of an injunction is twofold. In the one case it is to obtain an injunction as a final judgment, as for instance in an action to prevent waste or abate a nuisance. In the other case it is merely provisional, ancillary or auxiliary. § 3-6601, W.C.S. 1945. In this case as the petition herein clearly shows, the remedy was sought as auxiliary or ancillary. So assuming that the rule as to lis pendens as above mentioned is not absolute or controlling, and assuming further that it was desirable to prevent a third party from purchasing the property on foreclosure of the mortgage held by the defendant, still it is difficult to see why the present action was necessary and thus encumber the record with two separate actions which have the same ultimate result in view. A temporary injunction may be issued, as heretofore stated, in an action to quiet title in order to maintain the status quo during the pendency of such action. It is an order ancillary to the main action. Tiffany v. Uhde, 123 Mont. 507, 216 P. (2d) 375, 74 C.J.S. 73. True the defendant attempted to sell the mortgaged property under his power of sale after the commencement of the action to quiet title. But § 3-1709, W.C.S. 1945, provides for the filing

of a supplemental pleading alleging material facts occurring subsequent to the filing of the main pleading. Thus it is said in 1 Spelling, Injunction and Other Extraordinary Remedies 41: "Even if his bill as first presented fails to entitle him to an injunction for the reason that the necessary facts do not then exist, yet if such facts arise afterwards during the pendency of the action, they may be brought to the attention of the court by supplemental bill, and a temporary order obtained." Many cases are cited. To the same effect see 43 C.J.S. 875, notes 26 and 27; 43 C.J.S. 878; 28 Am. Jur. 466, § 293. In High on Injunctions, 4th Ed., § 32, it is stated: "When new suit unnecessary. Where an injunction is sought merely as auxiliary to an action already begun, and the object desired can be readily obtained by a motion in the original action, a new suit will not be entertained which is instituted for the sole purpose of obtaining such injunction, since the exercise of the jurisdiction under such circumstances would be an encouragement of vexatious litigation." See § 31 of the same author and Hamer v. Kane, 7 Nev. 61; Jarman v. Saunders, 64 N. C. 367; Faison v. McIlwaine, 72 N. C. 312, 1 Joyce on Injunctions, § 132. In Mason v. Miles, 63 N. C. 564, the court stated. "It is a well settled principle of equity, that where a person can have an adequate relief by an order in a cause pending in the same court, he shall not be allowed to seek his remedy by a separate suit. Rogers v. Holt, Phil. Eq. 108." In 1 C.J.S. 75, § 43, it is stated that: "A plea of abatement, for another action pending, will be sustained where the matter of the second action is merely collateral or incidental to the matter of the first and might be introduced therein, although not embracing so much." See also 1 C.J.S. 71, § 43, notes 73 and 76. However, since the defendant waived his demurrer by not procuring a ruling thereon, the rules here mentioned cannot affect the present case. More-

over a plea in abatement is not favored. 1 C.J.S. 30, § 3.

Some other matters are asserted or argued by counsel for appellant, for instance that Wunnicke should have been made a party to the action; that there was a misjoinder of parties; that the petition failed to state a cause of action. We find no merit in these contentions. It seems to us that it is very clear that the R. B. Davis mortgage was the first lien against the property in controversy. The fatal mistake that the defendant made is in ignoring the Davis mortgage and not acquiring it instead of letting Wunnicke do it. The foreclosure of that mortgage appears to have been regular and a deed pursuant thereto vested the clear title in Wunnicke, so that his grantees were clearly entitled to have the cloud of the second mortgage removed and the defendant enjoined from asserting any rights thereunder.

The judgment of the trial court must accordingly be and is affirmed.

*Affirmed.*