Virgie LOGAN, Belva Wright, Lorraine M. Popham, Rose Coossin and Vivian Geiser, Appellants (Plaintiffs below),
and
Retail Clerks' Union Local 102 and Homer D. Francisco, Appellants (Third-Party Defendants below),

v.

S. G. STANNARD, C. R. Goddard, Laura M. Goddard, Larry Goddard, Floyd Schachterle and L & G Stores, Inc., a Wyoming corporation, Appellees (Defendants below).

No. 3614.

Supreme Court of Wyoming.

March 28, 1968.

Rehearing Denied June 20, 1968.

Walter C. Urbigkit, Jr., of McClintock, Mai & Urbigkit, Cheyenne, for appellants.

Harold Joffe, of Scott & Joffe, Worland, for appellees.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

In a labor controversy suit, the district court of Big Horn County issued a temporary injunction to restrain individual workers, a local union of retail clerks and a union representative from picketing, boycotting or otherwise interfering with the regular course of business of L & G Stores, Inc. The parties so enjoined have appealed.

Decisions of the supreme court in Wyoming prior to the adoption of our state rules of civil procedure were to the effect that a temporary injunction is an appealable order. Olson v. Leith, 71 Wyo. 316, 257 P.2d 342, 345; Weaver v. Richardson, 21 Wyo. 343, 132 P. 1148, 1151; Anderson v. Englehart, 18 Wyo. 196, 105 P. 571, 572–575.

These decisions were based on language contained in § 3–5301, W.C.S.1945, pertaining to special proceedings. Rule 72(a), W. R.C.P., was copied verbatim from § 3–5301, W.C.S.1945, and we have no rule expressly stating that a temporary injunction is not an appealable order. Since the time of the decisions referred to, and especially since the adoption of rules of civil procedure, the trend in procedures has been to discourage piecemeal appeals. See Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 195, 17 L.Ed.2d 23; Rippey v. Denver United States National Bank, D.C.Colo., 260 F.Supp. 704, 717; Reeves v. Harris, Wyo., 380 P.2d 769, 770; State ex rel. Pacific Intermountain Exp., Inc. v. District Court of Second Judicial Dist., Wyo., 387 P.2d 550, 552; and Petition of World Tradeways Shipping, Ltd., 2 Cir., 373 F.2d 860, 862.

As far as the present case is concerned, we have accepted appellants' appeal despite the fact that there has been no final determination of the rights of the parties by the trial court. The question therefore becomes, what disposition needs to be made of

matters presented by appeal at the existing stage of proceedings?

If it were not for the prohibition contained in § 27–241, W.S.1957, C. 1967, our question would be whether the trial court was justified in preserving the status quo until the merits of the action can be determined. However, we think we must consider the effect of § 27–241. It provides in pertinent part:

"No court of the State of Wyoming shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute from doing, whether singly or in concert, any of the following acts:

\* \* \* \* \* \*

"(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence;"

The foregoing section makes it clear the trial court in this case had no jurisdiction to issue a temporary injunction if the case is one "involving or growing out of any labor dispute." But the court found there was no labor dispute with L & G Stores, Inc. Thus, the right of the trial court to issue the injunction in question turns on the correctness of the finding that there was an absence of a labor dispute.

The original labor controversy here involved arose when S. G. Stannard, owner of the Ben Franklin Store at Worland, Wyoming, discharged all employees who were members of a labor union, being all of his full-time employees. Thereafter a purported sale of the Ben Franklin Store and business was made to L & G Stores, Inc. In the appeal now before us appellants are claiming there was a labor dispute with L & G Stores, Inc. when the temporary injunction issued:

(1) Because the sale was not a bona fide sale; and

(2) Because, whether it was a bona fide sale or not, a labor dispute with L & G Stores, Inc. existed on the theory that § 27–241, W.S.1957, C. 1967, is not confined merely to labor disputes between an employer and his immediate employees.

## (1) *The Sale*

■ In issuing its temporary injunction the trial court made a specific finding that the sale to L & G Stores, Inc. was a valid sale. However, such finding is tentative and for purposes of the temporary injunction only. Rule 54(b), W.R.C.P., makes it clear that such a finding is "subject to revision at any time before the entry of [final] judgment."

In this particular case we think we should not substitute our judgment for the judgment of the trial court on the factual question of whether the sale was bona fide, for two reasons. First, the record discloses that complainants have demanded a trial by jury. Second, the record discloses that an affidavit of prejudice has been filed against the trial judge who issued the temporary injunction.

This makes it apparent that, in the event a factual determination of whether the sale was bona fide becomes essential in the final disposition of the pending litigation, such factual determination will be made either by a jury or by a different trial judge. The fact finder in the trial on the merits should be free to make findings of fact without direction from us, there being absent any need or reason for interlocutory appellate decision.

■ In the face of a finding by the restraining judge that the sale was valid, we cannot say the temporary injunction is *clearly* illegal, as far as appellants' point (1) is concerned. There has been no suggestion that such injunction is unreasonable or inequitable in its terms; that it was arbitrarily issued; or that it was issued without adequate bond. Hence, as far as this particular case is concerned, we find no compelling reason to adjudicate or regulate the status

of the parties during the interim between the date of this opinion and the entry of a final judgment.

### (2) *Labor Dispute Either Way*

Appellants have devoted much time in their brief and oral argument discussing the point that a labor dispute existed with L & G Stores, Inc., regardless of whether the sale to L & G Stores, Inc. was bona fide, because the relationship of employer and employee is not required in order to have a labor dispute as contemplated in § 27–241.

Although, in granting its temporary injunction, the trial court made a special finding that the sale made by S. G. Stannard to L & G Stores, Inc. was a valid sale, no finding of fact or conclusion of law was made with respect to the point that a labor dispute existed regardless of the good faith of the sale.

Our court has consistently refused to decide matters not first decided by the trial court from which appeal is taken. See Moore v. Kondziela, Wyo., 405 P.2d 788, 791; In re Bridger Valley Water Conservancy District, Wyo., 401 P.2d 289, 292; Thickman v. Schunk, Wyo., 391 P.2d 939, 943; and Strom v. Felton, 76 Wyo. 370, 302 P.2d 917, 924.

The record pertaining to the matter now before us indicates plaintiffs' counsel argued the point that an employer and employee relationship is not necessary in order to have such a labor dispute as is contemplated in § 27–241, W.S.1957, C. 1967. As near as we can tell from the record, however, the trial court has not attempted to pass upon that contention. We see no reason why the point cannot be urged in the final disposition of the case, and we should not attempt to influence or direct what the new trial judge's decision on the point ought to be.

The case is remanded for further proceedings not inconsistent with this opinion.

PARKER, J., concurs in the result.

## ON PETITION FOR REHEARING
## PER CURIAM.

The petition for rehearing is denied by an equally divided court.